Pearson, C. J.
 

 We
 
 concur in the opinion with his Honor in the Court below, upon all the points, which are presented in the statement of the case.
 

 1. Supposing the pine to be established as the second corner, could the first, a beginning corner, be located by reversing the course and measuring the distance called for, from the pine back, that is, on the reversed course. His Honor ruled that the beginning corner could be fixed in this way: we agree with him. If the second corner is fixed, it is clear, to mathematical certainty, that by reversing the course and measuring the distance, you reach the first corner; so there is no question about over-ruling either course or distance by measuring the line, and the object is to find the corner by observing both course and distance.
 

 2. The deposition of Evans was properly allowed to be read; the word “ supreme” being evidently a misprison of the clerk, instead of “ superiorThis is palpable ; because there is no supreme court in McDowell county. The signature of the clerk and his
 
 seal
 
 of
 
 office,
 
 gave full proof of the authenticity of the commission.
 

 3. We
 
 concur in the opinion, that in order to establish “the pine” as a corner by reputation. The call in Beard’s grant, issued in 1798, was competent evidence, and, indeed, was the strongest sort of evidence to show that “ the pine” was known as Thomas Young’s corner ; and we were at a loss to see on what ground the evidence could be objected to, but we are fold, on the argument, that the objection was, that it did not
 
 *499
 
 appear that the grantée, Beard, or the surveyor, were dead, and so that this recital in the grant, which must be considered as “ hearsay evidence,” coming either from the one or the other, was not competent. The misapprehension proceeds from not distinguishing between evidence, by reputation, and hearsay evidence, as it is called. It is settled that both binds of evidence are competent in questions of private boundary in this State; although in England it is confined to questions of public boundary, that is, the lines of parishes and counties and the like matters of public evidence. In the latter, to wit, hearsay evidence, it is necessary as a preliminary to its admissibility, to prove that the person, whose statement it is proposed to offer in evidence, is dead; not on the ground, that the fact of his being dead, gives any additional force to the . credibility of his statement, but on the ground, that if he be alive, he should be produced as a witness; whereas, it is manifest, that in respect to evidence by reputation, this preliminary question cannot arise ; therefore, proof by reputation, that is, recitals in old deeds and grants, inscriptions on monuments and the like, has always been deemed competent, without enquiring as to whether the parties to such deeds and grants, or the man who ingraved the inscription are living or dead, for the fact, itself, tends to establish the reputation, or received opinion, in regard to the particular
 
 matter)
 
 for instance, in our case, the fact that is recited in a grant to Beard, issued, in 1798, that this pine is Young’s corner, is evidence, that the pine was known and admitted to. be Young’s corner, which is what is treated of, in the books, as establishing a boundary by reputation, and differs greatly from “hearsay evidence.”
 

 4. The call for a white-, with a blank as a corner, does not present a question of ambiguity of description, but of an imperfect description; in which case, if the description can be made perfect by an implication furnished by the context of the instrument, the omission may be supplied without further proof j as a legacy of 300 is given to a daughter,
 
 to 1)6 paid
 
 out of the proceeds of the sale of a tract of land, the
 
 *500
 
 couit, from the context, supplied the omission of the word “dollars,” and so made the description perfect. In our case, there is nothing in the deed to enable the Court to infer what sort of a corner was intended ; a white-oak, or white-ash, or or white-pine ; so, without further aid, the omission could not be supplied, and course and distance would govern. But we agree with his Honor, that the existence of marked line trees, crossing the maple branch, beyond the point where the distance gave out, which, when blocked, corrresponded in age with the grant and that at the point of intersection of the course of the second line, and the reversed course of the third line, a white-0<z7c was found marked as a corner for the coming and leaving line, in respect to which, no practical surveyor can be mistaken, were facts proper to be submitted to the jury, on which to warrant them in coming to the conclusion that the
 
 white-oalc,
 
 was the corner, and in that way supply the omission in the description.
 

 Per Curiam,
 

 Judgment affirmed.
 

 x*Hon. John M. Dick, one of the Judges of the Superior Courts, died since the last Term of this Court, and Hon. Thomas Ruffin, Junior, was appointed by the Governor and Council of State to fill his place,
 
 ad interim.