MECHANICS BANK AND TRUST COMPANY v. H. B. WHILDEN.

(Filed 28 May, 1912.)

1. **Evidence—Title—Corners—Declarations.**
   In this controversy, involving title to lands, declarations as to certain corners material in establishing the location of the lands held incompetent under the decisions in *Hemphill v. Hemphill*, 138 N. C., 506, and *Dobson v. Finley*, 53 N. C., 499.

2. **Equity—Cloud on Title—Description—Right of Action.**
   As the defendant's deed, in any event, covers a part of the lands described in plaintiff's deed, the right of plaintiff to maintain an action to remove a cloud from his title upon the ground that, according to the plaintiff, the defendant's lines are outside of his deed, is not presented.

BROWN, J., concurring; WALKER, J., concurs in the concurring opinion.

APPEAL by defendant from *Webb, J.,* at Fall Term, 1911, of GRAHAM.

This is an action to remove a cloud from title.

The plaintiff claims under a grant issued to F. H. Busbee, trustee, of date 18 August, 1885, and the defendant under a grant issued to D. F. Goodhue, of date 27 May, 1872, and both parties introduced evidence to sustain their respective claims.

The principal controversy between the parties is as to the location of the Goodhue grant, the plaintiff contending that its beginning corner is at H on the plat, in which event it would cover only a small part of the land in the plaintiff's grant, and the defendant contending that it is at A on the plat, which location would cover nearly all of the land in the plaintiff's grant. There was a locust tree at A and one at H, and his Honor permitted a witness for the plaintiff to say that he had heard three persons say that the locust at H was a corner of the Goodhue tract, and the defendant excepted.

There was no evidence fixing the time when the declarations were made, or that those making them were disinterested, or that they were dead at the time of the trial.

There was a verdict and judgment in favor of the plaintiff, and the defendant appealed.

*W. T. Crawford and Felix E. Alley for plaintiff.*
*Bryson & Black for defendant.*

ALLEN, J. The evidence of the declarations of certain persons as to the location of the Goodhue corner was incompetent because hearsay, and should have been excluded.

"The restrictions on hearsay evidence of this character—declarations of an individual as to the location of certain lines and corners—established by repeated decisions, are: that the declarations be made *ante litem motam;* that the declarant be dead when they are offered, and that he was disinterested when they were made." *Hemphill v. Hemphill,* 138 N. C., 506.

None of these requirements were met by the plaintiff, and as the declarations are condemned under the general rule excluding hearsay evidence, it was its duty to prove the facts bringing the evidence within the exception.

In *Dobson v. Finley,* 53 N. C., 499, *Chief Justice Pearson* says: "In the latter, to wit, hearsay evidence, it is necessary as a preliminary to its admissibility to prove that the person whose statement it is proposed to offer in evidence is dead; not on the ground that the fact of his being dead gives any additional force to the credibility of his statement, but on the ground that if he be alive he should be produced as a witness"; and this language is quoted with approval in *Shaffer v. Gaynor,* 117 N. C., 15; *Westfelt v. Adams,* 131 N. C., 379, and *Yow v. Hamilton,* 136 N. C., 358.

The question discussed by the defendant as to the right to maintain an action to remove a cloud from title, when the deeds of the defendant, if located according to the plaintiff's contention, are outside the lines of the plaintiff's deeds, is not presented, because the deeds of the defendant cover a *part* of the land in the deeds of the plaintiff in any event.

For the error pointed out there must be a new trial.

New trial.

BROWN, J., concurring: I concur in the ruling of the Court that the evidence of the declarations of certain witnesses admitted by the court as to the location of the Goodhue corner was incompetent as hearsay testimony and should have been ex-

cluded. But I am of opinion that instead of a new trial being ordered, the action should be dismissed.

The suit is one, according to the language of the complaint, brought to remove a cloud upon the plaintiff's title, when in fact there is no cloud upon the title to the property claimed by him as located by the jury. The defendant claimed title under grant 3522, containing 640 acres. The plaintiff claimed title to his land under grant 7315.

The whole controversy was one of boundary and centered entirely upon the true beginning corner indicated by the letter "A" on the map, while the plaintiff contended that the beginning corner was not at "A," but at the point indicated by the letter "H" on the map, and asked that grant 3522 be canceled as a cloud on plaintiff's title. The two grants adjoined each other, and one could not possibly constitute a cloud upon the title to the other, since the only question involved was the true location of the two grants.

There is no question of lappage involved, and no claim that one grant, properly located, covers any part of the other grant. As commonly understood, a cloud on title to property is an outstanding claim or encumbrance, which if valid would impair the title of the owner of a particular estate, such as conveyance of the identical property or a part of it, or a mortgage, judgment, tax levy, etc. Black's Law Dic. (2 Ed.), page 210.

Before equity will undertake to remove a cloud upon title, it must assume some semblance of a title, either legal or equitable, to the property in question. Cyc., vol. 32, p. 1314.

A mere verbal claim to or assertion of ownership in land does not constitute a cloud on title, and neither can a dispute about the true location of the beginning corner of two adjoining grants constitute a cloud on the title to either. *Waters v. Lewis,* 106 Ga., 758; Wait's Actions and Defenses, vol. 3, p. 189.

I do not think the act of 1893, Revisal, sec. 1589, has any bearing upon this case. It was not intended to substitute an action, remove a cloud on title for a processioning proceeding, or for an action of trespass *quare clausum fregit* to try title to land. *McNamee v. Alexander,* 109 N. C., 242; *Pearson v. Boyden,* 86 N. C., 585.

The statute referred to was intended simply to remove the restriction that before a plaintiff could maintain an action to remove a cloud upon his title he must affirmatively show that he was in the rightful and actual possession of the land, and allow the bringing of the action by one not in the actual possession thereof. *McLean v. Shaw,* 125 N. C., 492.

To show the irregularity of this proceeding, although the jury have located the plaintiff's grant according to his contention, and therefore the defendant's grant covers no part of it according to such location, yet his Honor has given judgment that the defendant's grant constitutes a cloud upon the title of the plaintiff, and decrees that the defendant's grant, together with all mesne conveyances thereunder which the defendant claims title to said land, are hereby adjudged and declared to be void.

For these reasons I think the action should be dismissed.

MR. JUSTICE WALKER concurs in this opinion.