WILSON WOOD AND LUMBER COMPANY v. C. L. HINTON ET AL.

((Filed 15 September, 1915.)

**1. Evidence—Hearsay—Declarations.**

Declarations as to boundary, to be admissible, must have been made before suit brought, and declarant must have been disinterested when declarations were made, and dead when they were offered in evidence.

**2. Evidence—Hearsay—Declarations.**

Where the summons in an action involving boundary was dated July, 1913, and there was nothing to indicate that the controversy originated for any length of time prior to actual litigation, the testimony of a witness as to declarations made by a third person as to boundary that the declarations were made years before, and that the third person was dead, and that he did not claim any of the land when making the declarations, showed sufficient foundation for the admissibility of the declarations.

**3. Evidence—Hearsay—Declarations—Admissibility.**

Declarations of a deceased person on pointing out a line that it bound a third person's old field to a party's land around the edge of a hill, a swamp edge, and then on across to an old field to a dead tree, were sufficiently definite to be admissible on the issue of boundary.

**4. Boundaries—Evidence—Calls of Older Grants and Deeds.**

Calls of older grants and deeds are admissible in evidence on the issue of boundary, on the same principle that hearsay evidence of common reputation on the issue of private boundary is admissible, but deeds not on their face calling for lines or corners common to them and deeds under which plaintiff in a suit involving boundary claimed are properly excluded.

**5. Boundaries—Evidence—Admissibility.**

Where in a suit involving a boundary the single issue was as to which of two named lines was the boundary line of plaintiff's land, deeds offered by defendant tending only to show a different line from either were properly excluded.

APPEAL by defendants from *Carter, J.,* at November Term, 1914, of CAMDEN.

Civil action of trespass to realty, involving also the right to an injunction, tried on an issue as to title. Plaintiff claimed and offered evi-

dence tending to show title to a tract of land on Pasquotank River, known as the Horseshoe tract, and which, according to the deeds in evidence, called for a beginning point at A, on the Pasquotank River, and ran thence in a northerly and northwesterly direction to the point K, as

shown on the annexed plat; thence to L, M, N, O, 2, 3, 4, 5, 6, to 7 on the river; thence with the river to the beginning.

The defendants claimed and offered evidence tending to show title to a tract lying west of plaintiff's and abutting on same.

There was no dispute between the parties as to the correct location of plaintiff's boundaries from A around the line to O, and from that point defendants contended and offered evidence tending to show that the true divisional line between the parties was O, P, Q, on the river, and thence with the river to the beginning. It was proved that on some prior occasion the line O, 2, 3, 4, 5, 6, 7, had been run by a surveyor named Burnham, and was designated and spoken of on the trial as the "Burnham line," and that the line contended for by defendants had been formerly run by a surveyor named Colvin, and had come to be known and designated as the "Colvin line," and it was agreed that the title to the lands in dispute and the rights of the parties litigant in reference thereto should be properly made to depend on the issue, "Is the western line of plaintiff's land the Burnham or the Colvin line?" To which the jury answered: "The Burnham line." On this verdict there was judgment for plaintiff, and defendants excepted and appealed.

*W. I. Halstead and Ehringhaus & Small for plaintiff.*
*Ward & Thompson for defendant.*

HOKE, J., after stating the facts as above: Objection is made to the validity of the trial chiefly on account of two rulings of the court on questions of evidence, appellant excepting: (1) That on the examination of the witness T. C. Jones, the declarations of a deceased witness, Miles Edney, were received in evidence as to the location of part of plaintiff's boundary, along the line O, 2, 3, 4, 5, 6, in terms as follows:

"Q. Did Edney point out the lines of the Hintons from Gale's Run? (Objection. Overruled. First exception.) A. Yes, sir.

"Q. What did he point to you as the line; what did he say to you? (Objection. Overruled. Second exception.) A. He said it binds Jackie Brothers' old field to the Hinton land around the edge of the hill.

"Q. What natural boundary? Did the land run to the shingle road? A. Sammie Brothers' old field first; then to the edge of the hill; then on across there to Jackie Brothers' old field to an apple tree that was dead. By edge I mean the swamp edge."

Defendants admit that hearsay evidence on questions of private boundary is at times admissible with us, but they insist that the conditions required for the reception of such evidence have not been established in the present case, as the facts fail to show that the declarations objected to were made *ante litem motam.* It is well recognized in many

former and more recent decisions of the Court on the subject that, in order to the admissibility of evidence of this character, the declarations should have been made *ante litem motam;* that the declarant should have been disinterested when they were made, and dead at the time when they are offered (*Bank v. Whilden,* 159 N. C., 280; *Lamb v. Copeland,* 158 N. C., 136; *Bullard v. Hollingsworth,* 140 N. C., 634; *Hemphill v. Hemphill,* 138 N. C., 504; *Yow v. Hamilton,* 136 N. C., 357); but the objection is not open to defendant, because from a perusal of the facts in evidence we are of opinion that the conditions required for admissibility of such evidence have been properly met.

Before the declarations were received the witness Jones, speaking to the subject, said: ·"I knew Miles Edney when he lived there years ago. He pointed out some points with reference to this land to me. He is dead. He was not claiming any of the land," etc.

The summons in this action bears date 19 July, 1913, and there is no testimony in the record that the controversy in this action had its origin for any length of time prior to the actual litigation commenced between them, and we think it a fair and reasonable inference from the statement of the witness "that the declarations were made years before," that these preceded the beginning of the controversy which resulted in the suit.

Again, it was objected that the declarations, in themselves, were not sufficiently definite and did not attach themselves to any specific data tending to give them significance. This seems to be a requirement both as to declarations of deceased witnesses and to evidence of common reputation (*Hemphill v. Hemphill, supra, Shaffer v. Gaynor,* 117 N. C., 15); but this, too, on the record, must be resolved against the appellants. Thus the witness said: "It binds Jackie Brothers' old field to the Hinton land around the edge of the hill." And again: "What natural boundary? Did the line run to the shingle road? A. Sammie Brothers' old field first; then to the edge of the hill; then on across these to Jackie Brothers' old field to an apple tree that was dead. By edge I mean the swamp edge."

In *Hemphill's case,* applying the principle that the evidence of common reputation, to be admissible, must attach itself to "some monument of boundary or natural object or evidence of occupation and acquiescence tending to give the land·a fixed and definite location," it was held that "evidence of common reputation was properly received, and that a line ran along the top of a certain ridge to the Vance line," and it will be seen that the declarations in the present case come well within the principle. Again, it appears that some deeds under which plaintiff claimed title, referring to the boundaries of the land now in dispute, described the lines as·running to "the line of the John L. Roper Lum-

ber Company, formerly Baird & Roper; thence along the line of the said John L. Roper Lumber Company a westerly course to John L. Hinton's land; thence along said Hinton line to the mouth of an old shingle road, formerly used by Baird & Roper; thence a southerly course on the John L. Roper Company land to the Pasquotank River," etc.

In order to controvert the plaintiff's position on the issue, defendants introduced a line of deeds for the purpose of showing that the Roper Lumber Company owned a tract of land in that locality, and that the boundaries of the same did not coincide with the locations as claimed by plaintiff, and contended that the calls of the older deeds were relevant as to the true location of plaintiff's land. The court admitted the deeds as evidence of title in the Roper Lumber Company, but not as evidence of the proper physical location of plaintiff's lines. It is held with us that the calls of older grants and deeds are, under certain conditions, admissible evidence on questions of boundary of a tract of land. In *Dobson v. Finley*, 53 N. C., 495, the ruling was referred to the principle of admitting hearsay evidence of common reputation on questions of private boundary and is subject to the limitations imposed on that character of testimony. *Bland v. Beasley*, 140 N. C., 628. The ruling of the court, however, excluding the evidence, can well be supported in this instance on the ground that there is nothing on the face of the deeds offered by defendants that in itself shows that the deeds called for lines or corners common to them and the deeds under which plaintiff claimed. The descriptions in the deeds of defendants, therefore, had in themselves no significance on the question of the disputed boundary, except in connection with parol testimony offered by defendant and admitted in aid of the description. *King v. Watkins* (C. C.), 98 Fed., 913; 5 Cyc., p. 968. And, furthermore, this parol testimony which was offered on that subject tended to place the western line of the Roper lands, embraced in these deeds, as running south to Pasquotank River from the point K, a considerable distance east of the boundary line as claimed by either plaintiff or defendants.

As heretofore shown, the parties had agreed that their rights should be determined on the single issue, "Is the western line of plaintiff's land the Burnham or the Colvin line?" As the deeds offered by defendants only tended to show a line entirely different from either of them, it would tend to confuse rather than aid the jury, and must be held irrelevant to the issue agreed upon.

There is no error, and the judgment of the court below is affirmed.

No error.