Henderson, Judge,
 

 delivered his opinion. — I think the Circuit Judge erred in that part of his charge, wherein he directed the Jury, that the lines of the surrounding tracts of land, if not made for the lands claimed by the Defend
 
 *47
 
 ant, did not satisfy the words of the act ’91, that is to say,
 
 “ known and visible
 
 boundaries,” unless they had been re-cognised as the boundaries of this tract by some grant or mesne conveyance thereof. Boundaries frequently exist in common reputation : and it is for that reason, that hearsay is evidence upon the question of boundary. It would, therefore, have been sufficient for the Defendant to have shewn, that it was the common reputation and understanding of the neighbourhood, that his land was bounded by the lines of those, surrounding tracts, although they were not originally made for it.' Another question obscurely appears upon the record, which does not seem to have been made at the- trial: It is, whether a title derived from a Sheriff’s sale without a deed from the Sheriff is a
 
 colorable
 
 title under the act of 1791. But the facts do not sufficiently appear to warrant the Court in going farther than barely to notice them. For it is not shewn, by what evidence the Defendant proved
 
 Greenlee
 
 to be a purchaser at Sheriff’s sale — whether-by parol or by the Sheriff’s return. As to the fact found by the Jury, that there never was a grant .for the land before the one to the Plaintiff’s lessor— If a grant is necessary to be presumed to support the Defendant’s title, and he brings himself within the provisions of the act of 1791, the finding of the Jury is against a legal presumption, which cannot be contradicted, and is therefore void. But at all events, there must be a new trial for the misdirection upon the question of “ known “ and visible boundary,” although it does not distinctly appear that the Defendant can shew a colorable title, as required by the act of Assembly.
 

 The Chief-Justice and Judge Hail accorded; and a new trial was ordered.