Daniel, Judge.
This ejectment is brought to recover one hundred acres of land in the possession of the defendant.— The lessors of the plaintiff deduced their title under a grant by the State to Barnabas Dunn, dated in May, 1795, for 10,240 acres of land. The defendant contended, first,-that the grant to Dunn was void, as it contained more land than six hundred and forty acres. The Court, however, was of the opinion, that the grant was not void on that account, but was good in law. — Waiving the inquiry whether this objection can be entertained when offered thus collaterally, we are nevertheless of opinion that it was properly overruled.
The act of 1784 (Rev. C. 202) authorised surveyors to include many entries in the same survey, on the great swamps in the eastern parts of the State; and it authorised the Secretary of State to make out a grant for the same according to the return of the surveyor. In the year 1794, (Rev. C. 422) the Legislature amended the act of 1784, by declaring “that all the lands in the State lying to the eastward of the line of the ceded territory, (Tennessee) shall be deemed and considered as coming within the meaning and purview of the said act.” Secondly, the defendant contended that the land in controversy had been granted by the King of Great Britain in the year 1745 to James Huey and Murray Crimbali, and therefore that the State of North Carolina had no right to grant it' to Dunn in the year 1795. The de *51 fendant then produced four several grants from the King to Huey and Crimball, each for 12,500 acres. The lands com-preliended in each of these grants, are-designated by lines, marked trees and known water courses. - The defendant had made no survey, or attempt to survey these grants or either of them. He failed in evidence to locate, them. But he offered to prove “ that it 'was the reputation of the neighborhood where the land in controversy was situated, that the premises described in the declaration lay within the boundaries of the grants to Huey and Crimball.” The Court rejected the evidence, and we think, correctly rejected it. — Non con-stat, from what appears in the case, but that the defendant might have ascertained the fact mathematically, whether the Huey and Crimball grants covered the lands which the lessors of the plaintiff claimed. The rales of law, admitting reputation or hearsay, either as original or secondary evidence, are not applicable to a case of this description. The authorities cited by the defendant’s counsel, do not appear to us, to bear upon the facts of this case. — In a country recently, and of course thinly settled, and where the monuments of boundaries were neither so extensively known nor so permanent in their nature as in the country of our ancestors, we have from necessity departed somewhat from the English rule as to traditionary evidence. We receive it in regard to private, boundaries, but we require that it should either have something definite to which it can adhere, or that it should be supported by proof of correspondent enjoyment and acquiescence. A tree — line—water-course may be1 shown to have been pointed out by persons of a bye-gone generation, as the true line or water-course called for in an old deed or- grant. A field — house—meadow—-or wood may be shown to have been reputed the property of a particular man or family, 'and to have been claimed, enjoyed and occupied as such. But a mere report, unfortified by evidence of enjoyment or acquiescence, that a man’s paper title covers certain territory is too slight and unsatisfactory to warrant a rational and conscientious person in making it the basis of a decision affecting important rights of his fellowmen, and therefore, as far as we are advised, has never been *52 received as competent testimony. We are of the opinion diat the judgment must be affirmed.
Per Curiam. Judgment affirmed.