### T. M. LAMB v. THOMAS COPELAND ET AL.

(Filed 21 February, 1912.)

1. **Deeds and Conveyances—Corners—Common Reputation—Parol Evidence.**

Parol evidence of declarations as to the placing of the corner of private lands of which the title is in dispute is allowed when made *ante litem motam* by a declarant who was disinterested at the time and dead at the time of the trial; and in such case the lapse of time is not always controlling.

2. **Same.**

Parol evidence of common reputation as to the placing of a corner on the question of private boundary is also admissible in this State when the same is shown to have existed from a remote period, and direct evidence of its origin is not likely to be procurable. Such reputation must always be shown to have existed *ante litem motam*, and should attach itself to some monument of boundary, or natural object, or be fortified by testimony of occupation and acquiescence tending to give the land some definite and fixed location.

3. **Same.**

Testimony of a witness that he had made a survey of the lands, the subject of the action, in 1897, and began at a pine stump which by common reputation was a corner of the lands claimed by ·one of the parties as embraced in his deed: *Held*, incompetent, as there was nothing to show that the common reputation offered had its origin at any former time or at a period so remote that direct evidence as to the placing of this corner in question could not have been procured.

4. **Same—Mutual Recognition—Harmless Error.**

When in an action of trespass involving a disputed title to lands both parties have recognized a certain corner as being correct, error in permitting parol evidence of common reputation as to its location is harmless.

5. **Deeds and Conveyances—Trespass—Evidence—Chain of Title— Same Description—Instructions—Harmless Error.**

When the plaintiff in an action of trespass has shown no actual occupation of the lands by himself or those under whom he claims, it is immaterial and harmless for the court to confine him to lands contained in the description of his original deed in his chain of title, where the description in all of the mesne conveyances is the same.

APPEAL from *Cline, J.,* at Fall Term, 1911, of CHOWAN.

Civil action, trespass *quare clausum,* etc. Plaintiff alleged ownership of the Caleb Winslow farm, and as a part of his proof offered in evidence a deed from Miles Perry to Caleb Winslow bearing date in 1798, a line of mesne conveyances of said farm to plaintiff. Plaintiff offered evidence further tending to show that the deed of Miles Perry covered the land in controversy, and that defendants through their agents had wrongfully cut some juniper timber on said land. Defendant, admitting ownership of the Winslow farm by plaintiff and the cutting of the timber, alleged and offered evidence tending to show that the Caleb Winslow farm and the deeds under which plaintiff claimed the same by correct location did not cover the land in controversy. On issues submitted there was verdict for defendant; judgment, and plaintiff excepted and appealed.

*Aycock & Winston and W. M. Bond for plaintiff.*
*Ward & Grimes for defendant.*

HOKE, J. In presenting his evidence, a witness testifying for plaintiff said that in 1897 he made a survey of the Winslow farm and began at a pine stump which by common reputation was a corner of the Caleb Winslow land. On objection, the court excluded this testimony as to common reputation on the ground that the "same was not ancient," and plaintiff excepted. We are of opinion that his Honor made the correct ruling.

It is well established with us that under certain restrictions evidence of this character will be received on questions of private boundary. Its admission is based on the principle of necessity and is to a large extent subject to what is sometimes termed the best evidence rule. That is, it is competent when from lapse of time or unusual conditions better evidence of a relevant kind is not likely to be attainable. The case of declarations of deceased individuals as to particular corners, etc., is in illustration of the same principle—that is, they are admissible when made *ante litem motam* by a declarant who was disinterested when they were made and is dead at the time of trial. Here the lapse of time is not always controlling, but the evidence is held competent by reason of the death of the declarant and when more

direct evidence is not likely to be procurable. *Lumber Co. v. Trip-lett,* 151 N. C., 409; *Bullard v. Hollingsworth,* 140 N. C., 634; *Bland v. Beasely,* 140 N. C., 631; *Yow v. Hamilton,* 136 N. C., 357; *Shuttee v. Thompson,* 82 U. S., 151-163; *Stroud v. String-field,* 38 Texas, 649; 2 Wigmore, secs. 1582-1583. In *Bland v. Beasely, supra,* the Court said: "In *Hemphill v. Hemphill,* 138 N. C., 504, the Court, in speaking of this character of evidence, said: 'It is the law of this State that, under certain restrictions, both hearsay evidence and common reputation are admissible on questions of private boundary,' citing *Sasser v. Herring,* 14 N. C., 340; *Shaffer v. Gaynor,* 117 N. C., 15, and *Yow v. Hamilton,* 136 N. C., 357. And in the same opinion, speaking of the restrictions placed upon evidence of common reputation, the Court said: 'This reputation, whether by parol or otherwise, should have its origin at a time comparatively remote and always *ante litem motam.* Second, it should attach itself to some monument of boundary or natural object, or be fortified by evidence of occupation and acquiescence tending to give the land some fixed and definite location,' citing *Tate v. Southard,* 8 N. C., 45; *Dobson v. Finley,* 53 N. C., 496; *Mendenhall v. Cassells,* 20 N. C., 43; *Westfelt v. Adams,* 131 N. C., 379; and *Shaffer v. Gaynor,* 117 N. C., 15."

And in more especial reference to reputation evidence the Court further said: "But the decisions are also to the effect that to justify the reception of such evidence, the time at which the common reputation had its origin should be at a remote period. 'Comparatively remote' is the term used in *Hemphill v. Hemphill, supra.* It was so used for the reason that as the principle was established of necessity, when from changing conditions and the absence of permanent monuments, better evidence of boundary could not be procured, so the time may vary to some extent, as the facts and circumstances may show that the necessity does or does not exist. On the admission of such testimony as to the time required, and the test to be applied, it is held in *Neiman v. Ward,* 57 Pa., 67, that "Reputation and hearsay is such evidence as is entitled to respect when the lapse of time is so great as to render it difficult to prove the existence of original landmarks."

This being the correct principle, there was nothing to show that the common reputation offered in this instance had its origin at any former time or at a period so remote that direct evidence as to the correct placing of this corner in question could not have been procured, and the court, as we have stated, made correct decision in excluding the evidence.

A perusal of the record will disclose, however, that in the development of the case both sides recognized and treated the corner in question as one of the corners of the Caleb Winslow farm, so that in any event no harm came to plaintiff by this ruling of the court.

It was objected further that the charge of the court confined plaintiff to the correct placing of the deed from Miles Perry to Caleb Winslow, whereas the plaintiff might have recovered by showing that one of his mesne conveyances covered the land, to wit, that from Caleb Winslow to C. H. Hostetter bearing date 14 January, 1890; but we do not see that the objection is open to plaintiff on the evidence. There was no actual occupation of the *locus in quo* shown by plaintiff or those under whom he claimed. The issue was made to depend on the correct placing of his boundaries, and there is nothing in the record to show that this deed to Hostetter in any way differed from that of Miles Perry or that the one covered more land than the other.

We find no reversible error, and the judgment of the Superior Court is affirmed.

No error.