W. S. RICKS ET AL. v. W. T. WOODARD AND WIFE.

(Filed 18 September, 1912.)

1. **Deeds and Conveyances—Boundaries—Evidence—General Reputation—Remoteness.**

Evidence of the correct location of a divisional line between the lands of contesting parties, by general reputation, is sufficient, which tends to show that forty or more years ago it was a cross-fence on certain sides of a field of a named owner of lands; or that it was a line just beyond the stables of the owner of a certain side of the field, it being sufficiently remote and attaching to physical objects "tending to give the land in question a fixed and definite location." *Lamb v. Copeland*, 158 N. C., 136, cited and applied.

2. **Same—Less Remote—Corroboration.**

When there is competent evidence by general reputation of the divisional line between the lands of contesting parties, sufficiently remote, evidence of this reputation for a period not sufficient (in this case, twenty years), is competent for the purposes of corroboration.

3. Deeds and Conveyances—Boundaries—General Reputation—Evidence — Competent in Part — Objections and Exceptions—Appeal and Error.

A general objection to the testimony of a witness as to the true location of the divisional line between contesting parties, and which is not competent as not being of a time sufficiently remote, is not held for error on appeal, when it appears that the objection was to a general statement of the witness and that said statement contained testimony that was both relevant and competent.

APPEAL by defendant from *Cline, J.,* at Spring Term, 1912, of NORTHAMPTON.

Civil action to determine boundary line between two tracts of land. There was verdict for plaintiff. Judgment on verdict, and defendant excepted and appealed.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Hoke.*

*Mason, Worrell & Long and D. C. Barnes for plaintiff.*
*Winborne & Winborne for defendant.*

HOKE, J. The suit involved the correct location of a divisional line between two adjoining tracts of land in said county, the Barnes tract and the Tyner tract. Under a charge, to which no exceptions were taken, the jury established the line as contended for by the plaintiff, and we find no exceptions on the record which may be allowed for reversible error. In the progress of the trial, evidence was admitted from several witnesses tending to establish a general reputation that the true dividing line was located as claimed by plaintiff. The reception of this evidence was urged for error, the objection being, chiefly, that it was too vague and indefinite; but the record, in our opinion, will not sustain the position.

Speaking to this character of evidence, in *Hemphill v. Hemphill,* 138 N. C., 506, the Court said: "Such evidence has been uniformly received in this State, and the restrictions put upon it by our decisions seem to be that the reputation, whether by parol or otherwise, should have its origin at a time comparatively remote, and always *ante litem motam.* Second, that it should attach itself to some monument of boundary or natural

object, or be fortified and supported by evidence of occupation and acquiescence tending to give the land in question some fixed or definite location." Citing *Tate v. Southard,* 8 N. C., 45; *Mendenhall v. Cassells,* 20 N. C., 49; *Dobson v. Finley,* 53 N. C., 496; *Shaffer v. Gaynor,* 117 N. C., 15; *Westfeldt v. Adams,* 131 N. C., 379-384. A statement quoted with approval in *Lamb v. Copeland,* 158 N. C., 136.

In the present case, the great bulk of this testimony, and the only portion to which exception was properly taken, was to the effect that so long as forty and fifty years ago there was a general reputation that the dividing line between these two tracts of land was as claimed by plaintiff. One witness, E. S. Vick, saying in this connection: "There was a general reputation when I first knew these matters of the dividing line between the Tyner and Barnes land. I knew that reputation. It was a cross-fence on the south and east side of the Mary Cook field and the northwest side of a field on the Tyner land, known as the Vick field." Another, Lee Davis: "There was a general reputation of location of the dividing line between the Barnes and Tyner lands; that by that reputation the line tree was just behind the stable on the Jack field and went to the upper corner of the Jack field fence to a large pine, which was a line tree; this ran along the southeast side of the Jack field." And another, Britt Morgan: "That he is seventy-six years old; that there was a general reputation forty-five years ago as to the dividing line between the Barnes and Tyner land; was the fence along the Jack field, and there used to be a footpath on a part of this line; the fore and aft tree stood right behind the stable on the Jack field; it was a spruce pine tree, and the line went on down, putting the Jack field on the west and the Tyner land on the east side; went to three corn shuckings in the Jack field for Henry Barnes forty years or more ago," etc. This testimony fully meets the requirements of the principle. It was sufficiently remote and did attach itself to physical objects "tending to give the land in question a fixed and definite location." True, one witness spoke of this reputation as existing to his knowledge twenty years ago," and this, under our decisions, could not properly be considered as coming within the rule

heretofore stated.  See *Lamb v. Copeland, supra.*  But this, in
our opinion, cannot be held for reversible error:  (1) Because
the objection was made to a more general statement of the wit-
ness, in which was included much testimony that was undoubt-
edly competent.  *S. v. Ledford,* 133 N. C., 714.  (2) It was
permissible, in support and corroboration of the testimony tend-
ing to establish the existence of an earlier reputation, which,
as we have seen, had been properly received in evidence and
was before the jury for consideration on the issue.

There is no error, and the judgment in plaintiff's favor is
affirmed.

No error.