A. A. GOINS ET ALS. v. TRUSTEES INDIAN TRAINING SCHOOL.

(Filed 27 October, 1915.)

**1. Schools—Indians—Interpretation of Statutes.**

Laws of 1885, chapter 51, providing for separate schools for Croatan Indians of Robeson County, claiming to be descendants of a friendly tribe once residing in Eastern North Carolina, and chapter 400, Laws of 1887, striking out the words "Croatan Indians" wherever they appear and inserting in lieu thereof the words "Indians of Robeson County," and the last named act amended by chapter 223, Laws 1913, striking out the words "Indians of Robeson County" and inserting in lieu thereof

the words "Cherokee Indians of Robeson County," do not restrict the pupils of the school to the children of the Croatan race who resided in that county in 1885, but include within their meaning those who have become residents within the limits of the school district in good faith from other or adjacent or neighboring territory.

**2. Appeal and Error—Objections and Exceptions—Evidence—Competent in Part.**

Where an *ex parte* affidavit has, by agreement of the parties, been received in evidence as a deposition, all irregularities being waived, and is competent in part, an exception thereto·as a whole will not be sustained, it being required that the appellant should have specified the objectionable parts and excepted to them alone.

**3. Appeal and Error—Material Error—Reversible Error.**

The courts will not grant a new trial when the objectionable evidence admitted is merely technical, or is not of sufficient importance to justify a belief that, except for the error, the result would have been different.

**4. Statutes—Interpretation—Affidavits—Intent and Meaning.**

In interpreting a statute it is not permissible to show its intent and meaning by affidavit of legislators, for such must be gathered from the act itself.

**5. Issues—Pleadings—Evidence—Schools—Indians—Immaterial Matters.**

Issues are sufficient if they are determinative of the controversy and enable the parties to present every phase of the evidence relevant to the question involved, and the issue in this action to compel the admission of children into the school established for the Croatan or Cherokee Indians of Robeson County, as raised by the pleadings, being only as to whether the children were of Indian blood, it becomes immaterial whether the applicants had complied with the provisions of Revisal, section 4241.

APPEAL by defendants from *Allen, J.,* at the March Term, 1915, of ROBESON.

*Johnson & Johnson, McIntyre, Lawrence & Proctor for plaintiffs.*
*McLean, Varser & McLean for defendants.*

CLARK, C. J. This is a proceeding to compel the board of trustees of the Cherokee Normal School at Pembroke, in Robeson County, to admit the children of plaintiffs as pupils in that school. The plaintiffs contend that their immediate ancestors had lived in Sumter County, South Carolina, but had gone there from Cumberland County, N. C.; that they had no negro blood in their veins, and that their children are entitled to be admitted to said normal school under the statutes establishing it. The defendants contend that the plaintiffs' children are not entitled to attend said school, because: (1) Said children are of negro blood within the prohibited degree. (2) That said children did not belong to that class of persons designated as Croatan Indians, and now known as Cherokee Indians of Robeson County, under acts establishing said school.

47—169

The jury found the issue of fact raised by the above two propositions in favor of plaintiffs. The real controversy of law is raised by the defendants' contention that the act of 1885, ch. 51, "To provide for separate schools for the Croatan Indians of Robeson County," after reciting "Whereas the Indians now living in Robeson County claim to be descendants of a friendly tribe, who once resided in Eastern North Carolina on the Roanoke River, known as Croatan Indians," enacted that "said Indians and their descendants shall hereafter be known and designated as the Croatan Indians, . . . and shall have separate schools for their children, school committees of their own race and color, and shall be allowed to select teachers of their own choice," etc. It was, therefore, strenuously argued that these plaintiffs, though it was shown that their ancestors, a few generations back, resided in Cumberland County, had moved to South Carolina, and having recently removed from South Carolina to Robeson, could not come within the terms of the act above recited.

Chapter 400, Laws 1887, however, which established this normal school, was not so restricted, and provided that the purpose was to establish and maintain "a school of high grade for teachers of the Croatan race in Robeson County," and chapter 215, Laws 1911, amended the above recited chapter 51, Laws 1885, by striking out the words "Croatan Indians" wherever those words occur in said chapter, inserting in lieu thereof the words "Indians of Robeson County." Chapter 223, Laws 1913, amended the last named act by striking out the words "Indians of Robeson County" and inserting in lieu thereof the words "Cherokee Indians of Robeson County."

We find nothing in the act establishing the normal school, or in the acts of 1911 and 1913, above referred to, or in chapter 199, Laws 1913 (which provided further appropriation for the support of this normal school), which restricted the pupils to the children of the Croatan race who resided in Robeson in 1885. The court properly told the jury that the statute in regard to the normal school "did not embrace alone the Croatan Indians of Robeson County, but Croatan Indians who put themselves within the limits of the school in good faith and became residents within the limits, that would embrace them, though they came from other territory, adjacent territory or a neighboring territory." Section 4, chapter 123, Laws 1913, provides that "the Indians residing in Robeson and adjoining counties who have heretofore been known as Croatan Indians of Robeson County, together with their descendants, shall hereafter be known and designated as 'Cherokee Indians of Robeson County,' and shall be entitled to all the privileges conferred by any laws of the State upon the said Croatan Indians."

The defendants excepted to an affidavit which by agreement of counsel was considered as a deposition and all irregularities waived. The defendants concede that a part of the affidavit is competent. The burden was on them to single out the incompetent parts by their exception. Not having done this, their objection to the affidavit as a whole is insufficient. *S. v. Ledford,* 133 N. C., 722, citing many cases. Besides, even if a part of said affidavit had been admitted over a sufficient exception, it was not a matter of sufficient importance that we could see that it probably affected the result. Courts do not now grant new trials for merely technical objections, unless the error is of sufficient importance to justify a belief that if the error had not been committed the result, reasonably, would have been different.

The tender of a member of the Legislature to testify as to the object or meaning of the act of 1885 was properly rejected. The meaning of the statute and the intention of the Legislature cannot be shown in this way, but must be drawn from the construction of the act itself. *Robinson v. Lamb,* 129 N. C., 16.

The issue submitted was determinative of the controversy, and enabled the parties to present every phase of the evidence relevant to the question involved. It was in the same form as that submitted in *Gilliland v. Board of Education,* 141 N. C., 482, which was a case very similar to this. The only question before the jury in this case was whether plaintiffs had the right to attend the normal school, and this depended entirely upon whether they were of Indian blood in the degree specified by the statute. All the other contentions arise under a construction of the statutes creating the normal school, and were not for the jury to decide.

Whether the plaintiffs had complied with the provisions of Revisal, 4241, was immaterial. Issues arise upon the pleadings and not upon the evidence, and the answer in this case raised only the question of Indian blood.

The court twice charged the jury that the burden of proof was upon the plaintiffs to satisfy the jury, by the greater weight of the evidence, that the plaintiffs were entitled to attend these schools.

We think the case was fairly and fully presented to the jury by the learned judge. In the trial and judgment we find

No error.