## J. A. STEWART v. W. A. STEPHENSON.

### (Filed 27 September, 1916.)

**1. Limitation of Actions—Adverse Possession—Pleadings—Deeds and Conveyances.**

Where the question of title to lands depends upon the true divisional line between the parties to the action, adjoining owners, and each has introduced a grant from the State to their lands respectively, which, taken together, cover the *locus in quo;* and the plaintiff has introduced evidence tending to show that he has had open and continuous adverse possession of the lands under known and visible metes and bounds for more than twenty years, it is sufficient to sustain a charge of the court to the jury as to his title by adverse possession, Revisal, secs. 383, 384; and where the plaintiff has sufficiently alleged general ownership of the *locus in quo*, he is not confined to the location of such line under his grant, for he may avail himself of any source of title that he may be able to establish by his testimony.

**2. Deeds and Conveyances—Evidence—Surveyor's Notes.**

Where the plaintiff, in his action to recover lands, relied upon a grant from the State as sufficient paper as well as color of title, the notes of a surveyor, since deceased, made by him while on the land surveying it for the purpose of taking out the grant, are competent evidence when relevant to the question of the correct location of a boundary line in dispute between the parties to the action. *Ray v. Castle*, where the surveyor's notes were not shown to have been "original and contemporaneous," cited and distinguished.

CIVIL ACTION to recover damages for an alleged trespass on real estate, involving also an issue as to title, tried before *Devin, J.,* and a jury, at September Term, 1915, of HARNETT.

Plaintiff claimed and offered evidence tending to show that he owned a tract of land lying in said county, and that the true dividing line between himself and defendant was a "zigzag" line of various courses and distances "along the southwest side of Black River Swamp" and designated on the surveyor's plat from 1 to 14; that defendant had wrongfully entered and cut timber on said land, and that the damage done to plaintiff's land was from $200 to $300. In support of his claim, plaintiff, among other things, offered in evidence a grant from the State to plaintiff, bearing date in March, 1881, the call of said grant along the line in dispute being: "To a small gum, the old Atkins corner, thence, as the old Atkins line, down the various courses of the southwest side of the river swamp, about 116 chains, etc., to a stake where formerly stood a red oak, the beginning corner of the Atkins survey," etc. He further offered evidence tending to show that the line of said grant was run by Captain Greene (now dead) just prior to taking out the grant, and with the view of doing so, and that said survey was run along

the southwest edge of the swamp, and as plaintiff now contends the true line to be.

Plaintiff offered in evidence several deeds under which defendant claimed the lands lying west of plaintiff's tract, beginning as early as 1847 and all calling for the southwest corner of Black River Swamp as the eastern or northeastern boundary of defendant's tract, and further evidence that plaintiff had been in the actual occupation of the land under the line as claimed by him, asserting title and exercising acts of ownership thereof, from the date of his grant in 1881 to the time of the alleged trespass in 1912, shortly before suit entered.

Defendant, claiming the John Atkins land, offered in evidence a grant to John Atkins, bearing date in 1789, for 640 acres of land, described as follows: "On the southwest side of Black River, beginning at a red oak on Black River; thence S. 46 chains to a stake; thence W. 80 chains to a stake; thence N. 114 chains to a stake in Black River Swamp; thence down Black River to the beginning corner," agreed by both parties to be the beginning corner of the Atkins line, and contended that the correct location of his land extended to Black River, and did not stop at the southwest edge of Black River Swamp, and offered evidence tending to show continuous possession of the land in dispute between the line 1 to 14 and the river for fifty years next before the alleged trespass by defendant and those under whom he claimed.

The jury rendered the following verdict:

1. Is the plaintiff the owner of the land shown on the map as included within the lines from No. 1 to No. 14? Answer: "Yes."

2. Has the defendant trespassed upon any part of said lands? Answer: "Yes."

3. What damage, if any, is the plaintiff entitled to recover of the defendant therefor? Answer: "$35."

Judgment on verdict for plaintiff, and defendant excepted and appealed.

*Charles Ross and D. H. McLean & Son for plaintiff.*
*Clifford & Townsend and C. L. Guy for defendant.*

HOKE, J. Plaintiff alleged his ownership of a tract of land on waters of Black River, and described the same by metes and bounds, in which the southwest call, and the one significant in this controversy, is as follows: "To a small gum, the old Atkins corner; thence as the old Atkins line down the various courses of the southwest side of the Black River Swamp, about 115.40 chains to a stake, etc., represented on the court plat by the line from 1 to 14."

The defendant alleged ownership of the tract adjoining on the southwest, and alleged and offered evidence tending to show that the line was not the true line of plaintiff's property, but that the same was the

main runlet of the river, and termed in the deeds Black River, the *locus in quo* being between these suggested lines.

As appears from the verdict, the jury have established the line as contended for by plaintiff, and, on judgment pursuant to the verdict, defendant resists the validity of the plaintiff's recovery:

"1. Because his Honor charged the jury, in effect, that though the grant of 1881 might not include the land, the plaintiff could recover if the jury were satisfied by the greater weight of the evidence that plaintiff had entered and occupied the land exclusively and continuously for twenty years under known and visible lines and boundaries, asserting title, etc., next before action brought, the objection noted being that the plaintiff was thus allowed to recover land not embraced in his complaint," etc.

The fault of defendant's exception here is that, in his complaint, plaintiff makes no reference to his grant as the source of his title. His allegation of ownership is general; that he owned the land bounded on the southwest by the southwest border of the Black River Swamp, and, this being true, it was open to plaintiff to avail himself of any source of title that he might be able to establish by the testimony. *Taylor v. Meadows,* 169 N. C., 124, and the authorities cited.

There was testimony in support of the position, and both sides claiming and the testimony all showing that title was out of the State, either under one or other of the grants offered in evidence, twenty years occupation was the proper and determinative period. Revisal, secs. 383 and 384.

Defendant excepted, further, that his Honor admitted the field notes of the surveyor, Greene; but this objection, also, must be overruled. The location of the grant to plaintiff around the southwest side of the Black River Swamp was a relevant circumstance on the issue, plaintiff claiming under said grant both as to title and color of title. It was proved that the surveyor was dead, and that these field notes were made by him when he was on the land making the survey for the very purpose of taking out the grant, and the testimony was properly received under our decisions admitting hearsay evidence in questions of private boundary, *Sullivan v. Blount,* 165 N. C., 7; *Lamb v. Copeland,* 158 N. C., 138; *Hemphill v. Hemphill,* 138 N. C., 504; *Yow v. Hamilton,* 136 N. C., 357; and, also, as declarations identified and established as made by the surveyor in the course of his business, *Ray v. Castle,* 79 N. C., 580; Lockhart's Evidence, sec. 143. True, in this last case, the field notes were rejected, but that was on the ground that they were not shown to have been "original and cotemporaneous," both of which circumstances are present here.

There is no error, and the judgment of the court below is affirmed.

No error.