MECHANICS BANK AND TRUST COMPANY v. H. B. WHILDEN,
E. S. JOHNSTON, TRUSTEE, ET AL.

(Filed 22 December, 1917.)

**1. Evidence—Depositions—Relevancy—Former Trial.**

While depositions properly and regularly taken and introduced on a former action between the same parties or those in privity therewith may properly be introduced on the later trial under certain circumstances, their rejection will not be held for error unless it is made to appear that the proposed evidence was relevant and reasonably calculated to have appreciable effect in the verdict.

**2. Evidence—Declarations—Corroboration—Appeal and Error.**

Declarations not admissible as substantive evidence under the rule are properly rejected as corroborative of evidence excluded on the trial when there is no substantive evidence of like effect.

**3. Boundaries—Evidence—Declarations—Interest—Ante Litem Motam.**

Parol evidence of declarations as to the placing of the corner of private lands of which the title is in dispute is allowed when made *ante litem motam* by a declarant who was disinterested at the time and dead at the time of trial; and in such case the lapse of time is not always controlling.

**4. Same—Remote Period—Definite Corners.**

Parol evidence of common reputation as to the placing of a corner, on the question of private boundary, is admissible when shown to have existed for a remote period and direct evidence of its origin is not likely to be procurable; such reputation must always be shown to have existed *ante litem motam*, and should attach itself to some muniment of title, or natural object, or be fortified by testimony of occupation and acquiescence tending to give the land some definite and fixed location.

**5. Same—State Grants.**

Where both parties to the action claim lands by mesne conveyances under separate grants from the State, and the controversy is made to depend upon the location of the lands under the defendant's grant, with description, "Beginning at a locust near the gap of the trail, between Johnson's and McManus', and runs," etc., and defendant insists the locus was at "J," while the plaintiff that it was at "O," *Held* general reputation as to the location of an indefinite tract of land, not shown to have been at a remote period or *ante litem motam*, etc., is properly excluded, and general reputation as to the location of the Johnson and McManus tracts and the trail between tending to show the corner locus at "O" is competent, it appearing that the declarant was dead, disinterested, and his declarations made *ante litem motam*, the lapse of time not considered controlling.

CIVIL ACTION to recover land, tried before *Ferguson, J.*, and a jury at June Term, 1917, of GRAHAM.

Plaintiff claimed the land under and by virtue of Grant No. 7315, of date August, 1885, covering the land, and introduced said grant in evidence. Defendant, admitting possession, claimed the land under

Grant No. 3522, of date May 27, 1872, and introduced same in evidence. It was admitted by defendant that plaintiff, by proper mesne conveyances, could connect itself with its grant introduced by it, and by plaintiff that defendants had a proper paper title connecting them with their Grant No. 3522.

The controversy, then, was strictly on the true location of defendant's grant and whether same covered the land in dispute. The calls of said grant are as follows: "Beginning at a locust near the gap of the trail, between Johnston's and McManus', and runs N. 45 E. 127 poles to a stake, then N. 80 E. 226 poles to a stake; thence S. 10 W. 223 poles to a stake; thence S. 80 W. 226 poles to a stake; thence N. 320 poles to the beginning."

Defendant insisted that the beginning corner of their grant, the locust, was at a point marked "J" on the map, and so placed, the course and calls of the grant covered the land.

. Plaintiff contended that the locust, or beginning corner of defendant's grant, was not at "J," but at a point marked "O," a mile away or near that.

On issue submitted the jury rendered the following verdict:

"Have defendants located their grant (3522), and if so, at what point is the beginning corner?" Answer: "N."

Judgment for plaintiff and defendants excepted and appealed.

*J. N. Moody for plaintiff.*
*Bryson & Black, A. W. Horn, and R. C. Phillips for defendant.*

HOKE, J. We have carefully examined the record and find no reason for disturbing the results of the trial. It was chiefly urged for error that the court, on objection of plaintiff, excluded a deposition, offered by defendant, of William Williams taken in a former suit between these parties other than Fred S. Johnston, the record of such suit having been first introduced, showing that the cause involved practically the same issue as that now presented, and on proof *ultra* that the deponent was now 84 or 85 years of age, very feeble, and resident in the State of Tennessee.

So far as the subject-matter of the two actions are concerned and the identity of the issues involved, we incline to the opinion that the deposition could have very well been received in evidence, in accord with the principle expressed and approved in the recent and well-considered case of *Hartis v. Electric Ry.*, 162 N. C., 236, opinion by *Associate Justice Allen*, a position that should undoubtedly prevail in case the new party, Fred S. Johnston, has acquired and holds his interest in privity with the former action, a fact that is very probably true. *Settee v. Electric*

*Co.,* 171 N. C., 440; *Cooper v. R. R.,* 170 N. C., 490; *Bryan v. Malloy,* 90 N. C., 509.

The exception, however, is not available to defendant on the present record, for the reason that it nowhere appears either that the deposition was introduced on the former trial or that it was sufficiently regular in the way of notice or otherwise to justify its admission, and, further, it is nowhere shown by suggestion or otherwise that the contents of the deposition were material to the inquiry. Waiving the question of any irregularity of the deposition, as the objection was not made on that ground, it has been uniformly held with us that, in order for the rejection of evidence to constitute reversible error it must appear that the proposed evidence was relevant and was reasonably calculated to have appreciable effect on the decision of the issue. *Goins v. Training School,* 169 N. C., 736.

The objection to the declarations of this deponent and other persons as to the placing of a disputed corner fails with the exclusion of the deposition. It appéaring that the declarant is now alive, his statements are not admissible as substantive evidence under the requirements for the reception of hearsay evidence of this character. They could only, therefore, be received in corroboration of his testimony, and this having been excluded, the exception is disallowed. We do not understand that the learned and careful counsel insist on this objection if the deposition has been properly excluded.

Defendants, further, object to the exclusion of two questions on general reputation, as follows:

*a.* "Is there a general reputation in that country as to what tract of land covers the sawmill branch country?"

*b.* "Is there a general reputation in that country as to what tract of land the locust at J is the corner of?"

We have repeatedly held that declarations and common reputation, under some circumstances, are competent in this State on questions of private boundary. *Sullivan v. Blount,* 165 N. C., 7; *Lamb v. Copeland,* 158 N. C., 136; *Bland v. Beasley,* 140 N. C., 628; *Hemphill v. Hemphill,* 138 N. C., 504; *Yow v. Hamilton,* 136 N. C., 357.

The conditions for the reception of such evidence of either kind are given in *Lamb v. Copeland, supra,* as follows: "Parol evidence of declarations as to the placing of the corner of private lands of which the title is in dispute is allowed when made *ante litem motam* by a declarant who was disinterested at the time and dead at the time of the trial; and in such case the lapse of time is not always controlling.

"Parol evidence of common reputation as to the placing of a corner on the question of private boundary is also admissible in this State when the same is shown to have existed from a remote period and direct

evidence of its origin is not likely to be procurable. Such reputation must always be shown to have existed *ante litem motam,* and should attach itself to some monument of boundary, or natural object, or be fortified by testimony of occupation and acquiescence tending to give the land some definite and fixed location."

In further elucidation of the requirement that evidence of common reputation must give itself some fixed and definite placing, the Court, in *Bland v. Beasley, supra,* at p. 632, quotes from *Mendenhall v. Cassels,* 20 N. C., 43, as follows:

"In a country recently and of course thinly settled, and where the monuments of boundary are neither so extensively known nor so permanent in their nature as in the country of our ancestors, we have from necessity departed somewhat from the English rule as to traditionary evidence. We receive it in regard to private boundaries, but we require that it should either have something more definite to which it can adhere, or that it should be supported by proof of corresponding enjoyment and acquiescence. A tree, line, or water course may be shown to have been pointed out by persons of a bygone generation as the true line or water course called for in an old deed or grant. A field, house, meadow, or wood may be shown to have been reputed the property of a particular man or family, and to have been claimed, enjoyed, and occupied as such. But a mere report, unfortified by evidence of enjoyment or acquiescence, that a man's paper-title covers certain territory is too slight and unsatisfactory to warrant a rational and conscientious person in making it the basis of a decision affecting important rights of his fellow men, and therefore, as far as we are advised, has never been received as competent testimony."

Applying these principles, if it be conceded that these questions sufficiently comply with the requirement that the common reputation sought for should fix itself on some definite placing, they altogether fail as to the additional requirement that such reputation, to be admissible, must be shown to have had its origin at a remote period or that it arose even *ante litem motam;* this last being always essential.

Again, it was objected that the witness Crisp, testifying for plaintiff, was allowed to give the declarations of Frank Cooper, deceased, as to the location of the McManus place and the Johnston place and as to the location of the trail between the Johnston and McManus places, his answer tending to support plaintiff's position that the beginning corner of defendant's grant was at "O," etc., and did not cover the land in dispute. All the conditions required by the authorities for the reception of such evidence were present here. This trail being a locative call in defendant's grant, it appeared that the declarant was dead, disinterested, and that his declarations were made *ante litem motam* and, as shown in

*Lamb's case, supra,* this being the relevant declaration of a deceased witness as to the location of a specified call of the grant; the lapse of time is not, as in case of common reputation, always considered controlling.

So far as we can see, the remaining exceptions are without merit, and on the record, we are of opinion that the judgment below should be affirmed.

No error.