F. C. RANDOLPH v. THOMAS ROBERTS AND WIFE, NANCY ROBERTS.

(Filed 12 December, 1923.)

**1. Evidence—Boundaries—Declarations—Interest — Ante Litem Motam.**

Declarations bearing upon the true placing of dividing lines in controversy in an action between adjoining owners of lands are competent if made by a disinterested declarant, since deceased, *ante litem motam—i. e.,* before the controversy arose resulting in the suit, and in such case the lapse of time is not always controlling.

**2. Same—Affidavits.**

A dispute between a deceased declarant, a predecessor in title, and a witness at the trial, concerning the location of a fence line between them, when not bearing upon the location of a divisional line, between the present owners, the subject of the action, is not such interest on the part of the witness as will exclude his testimony of the declarations from the evidence; and this position is not changed merely because the declaration had been made by affidavit.

PROCEEDINGS to establish a dividing line between plaintiff and defendants, adjoining proprietors, instituted before the clerk and transferred, on issues raised, to docket of Superior Court of YANCEY, and there tried before *Ray, J.,* and a jury, at August Term, 1923.

The jury rendered a verdict for plaintiff, in terms as follows:

"1. Where is the proper location of the plaintiff's beginning corner and the first line in his deed? Answer: 'Black circle at 6, with black line to 3.'

"2. Where is the proper location of plaintiff's line running from figure 5? Answer: 'From 5 with the top of the ridge to black circle 6.' "

Judgment on verdict, and defendants excepted and appealed.

*Watson, Hudgins, Watson & Fouls for plaintiff.*
*Charles Hutchins for defendants.*

HOKE, J. The location of plaintiff's beginning corner at the "black circle at 6," as described in the surveyor's plat and found by the jury, is directly and naturally affected by the proper placing of a corner some

distance south on the same line at a "white-oak" corner. With the view of showing that the true location of this white-oak corner was at the point claimed by the plaintiff, a witness for plaintiff, Malone Randolph, was permitted, over defendant's objection, to testify that one Green Woody, disinterested, and dead at the time of trial, had pointed out the white-oak stump as claimed and alleged by plaintiff; this witness, Malone Randolph, also saying "that there was a controversy between him and Mr. Gouge."

It is the accepted rule in this State that unsworn declarations as to the placing of a given corner may at times be received in evidence on questions of private as well as public boundaries, and that under proper circumstances common reputation is also admissible. In *Lamb v. Cope-land,* 158 N. C., 136, the requirements for the proper admission of this kind of evidence is stated as follows:

"Parol evidence of declarations as to the placing of the corner of private lands, of which the title is in dispute, is allowed when made *ante litem motam* by a declarant who was disinterested at the time, and dead at the time of the trial; and in such case the lapse of time is not always controlling.

"Parol evidence of common reputation as to the placing of a corner, on the question of private boundary, is also admissible in this State when the same is shown to have existed from a remote period, and direct evidence of its origin is not likely to be procurable. Such reputation must always be shown to have existed *ante litem motam,* and should attach itself to some monument of boundary, or natural object, or be fortified by testimony of occupation and acquiescence tending to give the land some definite and fixed location."

And the position is in accord with numerous decisions dealing with the subject. *Hoge v. Lee,* 184 N. C., 44 and 50, citing *Hemphill v. Hemphill,* 138 N. C., 504; *Bland v. Beasley,* 140 N. C., 628, and other cases.

It will be noted as an essential to the proper reception of such declarations in both cases that they should have been made *"ante litem motam,"* that is, not only before the suit brought, but before the controversy arose resulting in a suit. *Tripp v. Little, ante,* 215; *Rollins v. Wicker,* 154 N. C., 560. And it is contended for appellant that under this principle the testimony of Malone as to the declarations of Green Woody were improperly received. True that the witness, Malone Randolph, states that there was a controversy at the time between him and Mr. Gouge, under whom defendant claimed, but the record does not show that this controversy between witness and Gouge had any necessary bearing on the present controversy either before or since the suit. On the contrary, Malone states at the time that he had

no interest in the land where the white oak stood, and David Gouge, the former owner, testifying for plaintiff, says: "The dispute was between him and Malone about where a fence should be placed. They had the line run, and when it ran to this white oak they dropped it." And to our minds it sufficiently appears that the controversy was between Gouge and Malone Randolph, and was rather a debate or discussion between them as to the proper placing of a pasture fence, and in no sense a controversy which contemplated or developed into the subsequent litigation. Nor is the competency of the evidence in any way affected because Green Woody, the declarant, seems to have sworn to his statement. Not being in the form of a deposition or other evidence receivable in this or any former suit between the parties, it is no more nor less than a declaration of Woody, and as such, under the authorities cited, it was competent evidence on the issue.

We find no reversible error, and the judgment on the verdict is affirmed.

No error.