Daniel, Judge,
 

 after stating the case, as above, proceeded : — On the first point, we 'are of opinion, that the evidence of the two witnesses, as to what Callaway the surveyor, who was then dead, told them about the chesnut tree being the corner of Nall’s patent, was admissible. This question has been frequently so decided in this state.
 
 Harris
 
 v.
 
 Powell’s Heirs,
 
 2 Hay. Rep. 349.
 
 Tate
 
 v.
 
 Southard,
 
 1 Hawks, 45.
 
 Standen
 
 v.
 
 Bains,
 
 1 Hay. Rep. 238.
 
 Taylor
 
 v.
 
 Shuford,
 
 4 Hawks, 132. The .rule of admitting hearsay evidence to prove the boundaries of lands must be confined to what persons now dead have said; for if they be alive at the time of the trial, though out of the state, their depositions ought to be procured.
 
 Jervin
 
 v.
 
 Meredith,
 
 2 Car. Law Repos. 508.
 

 Secondly. Peggy Tyre, in February, 1832, admitted Nall’s title, and took a parol lease of the land for that year, to make a crop on it. She, being so in possession, informed the defendant that she held the same under Nall’s title. The defendant, notwithstanding, took a deed for the land from her, dated the 6th of March, 1832; and she then agreed to hold possession for him for a while. It does not appear that Nall, or the lessor of the plaintiff, had any notice of the conveyance by Peggy'Tyre to the defendant, or of her agreement to hold possession for him, at the time Nall made the deed to the plaintiff’s lessor, on the 15th of April, 1832. We think with the judge who tried the cause, that the possession of Peggy Tyre, under all the circumstances, was not such an adverse possession as to render the deed from Nall to the plaintiff’s lessor void; but that her possession under the parol lease continued, and was attached to the better title, and was in law the possession of Nall, at the date of the execution of the deed to the lessor of the plaintiff, on the 15th of April 1832. We think that the motion for a new trial was correctly overruled by the Court, on both points,, and that the judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.