RfjTFfN, C, J.
 

 There have been so. many adjudications upon titles set up under the presumption of conveyances, from ancient and continued possession, after full discussions, that one is under no necessity of going back to the nature and grounds of the presumption, in order to consider them in detail. It is sufficient to say, that it is established, as a general proposition, that, from a long and peaceable possession, upon a claim of the right, a presumption arises that the possession was rightful, and, therefore, was under sueh deeds and assurances as arc necessary to impart to it that character. The presumption is not deduced, as an inference of fact, from the possession, as evidence merety and according to its influence on the minds of the jury, in producing or failing to produce, a conviction, that the presumption is according to the truth ; but the deduction is made, without regard to fho very fact, by a rule in the law of evidence. It is a rule of reason and of policy, calculated to make men dili - gent and active in asserting their rights before proofs,
 
 *466
 
 once existing, may be lost, and while there is no insuperable difficulty in ascertaining the real truth. If, indeed, one enter for a particular estate or under a particular title, and the nature of the original entry be shewn, then the presumption, that the possession, though very long, was upon a claim of the possession to the estate, does not arise as a legal inference ; and it can enure to transfer the estate, only when the possession is so very long and upon a claim of right, as, with other circumstances, to induce the actual belief, that subsequent to the possession taken, there were other dealings, upon which conveyances were in fact made That, however, concerns mainly transactions between individuals touching estates already vested in one of them; ior, considering the state of our law respecting the public domain, its management and disposition to private citizens, it is seldom, if ever, to be supposed, that possession is taken of any part of it for any particular estate or purpose, which can give a character to a long possession, by which it may be disconnected from the purpose in the possessor of obtaining the absolute title from the State,'or from the apparent exercise of the rights of one who is already the owner of the land by having a grant for it. The only question in such cases is, whether the possession has been long enough to justify an implication against the sovereign from the
 
 laches
 
 of the public servants, and the omission of private persons to appropriate the land. But it is manifest, from the necessity, which gives rise to the presumption, and from its nature, that it is not supposed to establish as a fact, that a grant was issued ; and that its force is not destroyed, or in any degree repelled by evidence, which renders it probable, that in truth a grant was not issued. If that were the sort of presumption the law raises, or if it could in that way be repelled, it would poorly serve its purpose, and be, really, worth nothing. For, as to the actual probability upon the point, the facts, that the grant is not produced,
 
 *467
 
 that it does not appear upon the registry in the County, and that no counterpart is enrolled in the department of State, and that no survey or entry is exhibited, nor credit for the payment of the purchase money at the treasury, would, in every case,constitute a mass oí evidence, which could not fail to overturn the artificial presumption we are considering, and is in itself much stronger in its tendency to repel the presumption, than the acts and declarations of the defendant, which were offered in this case. But, as first remarked, it is hardly pretended in any case, that a grant was actually made out; for, it was truly stated by Lord Mansfield, in
 
 Eldridge
 
 v.
 
 Knott,
 
 Cowp. 215, that the Court often told the jury to presume a grant from long possession, when there was no idea that the jury believed, or the Court thought they ought to believe, in the particular case, that a grant had been made, and when it was not probable it had; the fact being presumed upon a principle of quieting possessions. These probabilities to the contrary, therefore, do not at all answer the presumption. The same position is very distinctly laid down in
 
 Reed
 
 v.
 
 Earnhart,
 
 10 Ire 516 ; and in that all the Judges concurred. It is there said, that the grant is presumed, not because the jury believe that one issued, but because there is no proof, that it did not issue. Indeed, in the nature of the thing, it would seem, that there can be no sufficient negative proof of the kind supposed; for, whatever-probabilities may be shewn, that there was no grant in fact; yet the probability of its existence remains, which is. sufficient to serve the presumption created by long possessian under a claim of title by a grant. Such a possession was admitted to exist here —being for 47 years. That constitutes a title under a presumed grant. The existence of the grant, thus presumed, is not disproved by the inability of the party to produce it, or even by his declaration of a belief that it never existed — much less by his efforts to obtain another
 
 *468
 
 grant, since he might wish it, as the most direct and pef-manent evidence oí title. Indeed, the obtaining of a new grant does not disprove the existence of a former one, nor even render it highly improbable, where there has been a long possession, as under an old grant; for, there is noth* ing inconsistent in a person’s making sure his title by further conveyances, and especially in getting a patent, which proves itself, instead of relying on witnesses to establish an ancient possession, under a claim of right, as a foundation for presuming a grant. . A second grant could only shew the party’s caution and vigilance, evinced in making out a title under two distinct grants — the one presumed to have existed, and the other shewn to be existing,
 
 Hurly
 
 v.
 
 Morgan,
 
 1 Dev. & Bat 425. The Court therefore' holds it to have been erroneous to submit this question to the jury on this evidence, as one of fact to be found by them, according to the weight they might give to the circumstances. as evidence to their minds. The instruction ought to have been, that, from the possession alleged, they should presume a grant, and, as matter of law, that there was no evidence to oppose or repel the presumption.
 

 Per Curtam. Judgment reversed and
 
 venire de
 
 novo.