BULLARD v. HOLLINGSWORTH.

(Filed March 27, 1906).

*Boundaries—Evidence—Grants—Title Out of the State—Trespass —Adverse Possession —Presumption —Instructions.*

1.  Permitting the surveyor, during his examination, to indicate upon the map of the official survey by small red lines the boundaries of certain deeds which defendants had introduced in evidence is a matter within the sound discretion of the trial judge.

2.  Evidence of declarations of V. as to the location of an oak, a marked corner, tending to prove that the oak was a corner of the tract called the Jones land claimed by the defendants, was competent, it appearing that V. was dead, disinterested and that the declarations were made *ante litem motam.*

3.  To raise a presumption of a grant it is not necessary that the possession adverse to the State should be continuous or unceasing. It is sufficient if it is any possession adverse to the State and shown to exist the length of time prescribed by the statute of limitation.

4.  A prayer to instruct the jury that from thirty years' adverse possession against the State all that is necessary to show complete title out of the State is presumed, was correctly modified by adding after the word "possession" the following words: "Such possession having been ascertained and identified under known and visible lines or boundaries." Rev., sec. 380.

5.  In an action to recover damages for an alleged trespass, where plaintiff's title was in issue, a request to instruct the jury "That if they find from the evidence that plaintiff has shown title out of the State under either the thirty-year statute or the twenty-one year statute, then the burden is upon the defendants to establish their contentions that they were in continuous, adverse possession by showing that the deeds upon which they rely actually cover the land," was properly refused.

ACTIONS by A. J. Bullard against Jas. Hollingsworth and others, and against Margaret McKenzie and others, consoli-

dated and heard by *Judge Fred Moore* and a jury, at the October Term, 1905, of the Superior Court of CUMBERLAND.

Actions to recover damages for an alleged trespass upon plaintiff's lands and for an injunction restraining the further cutting of timber thereon by the defendants. The two actions were consolidated, and by consent the following issues were submitted to the jury:

1. Is the plaintiff the owner of the land in controversy, or any part thereof, and if of only a part, what part? Answer: No; no part.

2. Did the defendants, James Hollingsworth and wife, unlawfully trespass upon the plaintiff's land, as alleged in the complaint against them? Answer: No.

3. Did the defendants, who claim under Mrs. Margaret A. McKenzie, unlawfully trespass upon the plaintiff's land, as alleged in the complaint against them? Answer: No.

4. What amount of damages, if any, is plaintiff entitled to recover from the defendants, Hollingsworth and wife? Answer: None.

5. What amount of damages, if any, is plaintiff entitled to recover from the defendants, who claim under Mrs. Margaret A. McKenzie? Answer: Nothing.

At the close of the evidence it was agreed that the plaintiffs had failed to produce any evidence tending to show that the heirs of Mrs. Margaret A. McKenzie had committed any trespass upon any of the lands in controversy, and that the issues relative to trespass should be answered in their favor. From the judgment rendered, the plaintiff appealed.

*Sinclair & Dye* and *H. L. Cook* for the plaintiff.
*A. S. Hall* for the defendants.

BROWN, J. The plaintiff claimed title to the land in controversy by deed from Gustavus A. Bronson and others, to Margaret E. Heyer, dated July 2, 1875, and by deed, M. E.

Heyer to plaintiff, January 24, 1900.   Plaintiff offered evidence for the purpose of locating these deeds; to prove possession on the part of himself and those under whom he claims, and also to establish the alleged trespass.

The defendants offered in evidence a number of deeds as well as a grant, under which they claimed title, and they also offered evidence tending to disprove possession upon the part of the plaintiff, and to prove possession upon their part of the lands in controversy.

There are a large number of exceptions set out in the record, both to the evidence and charge, all of which have received our careful consideration, although we deem it necessary to notice only a few in giving our reasons for affirming the judgment of the Superior Court.

Exceptions 8 to 16 were taken by plaintiff to the ruling of His Honor in permitting the surveyor during his examination to indicate upon the map of the official survey, by small red lines, the boundaries of certain deeds which defendants had introduced in evidence.   It seems that during the examination of the surveyor, Averitt, defendants were unable to point out on the plat the beginning point of a certain deed. Thereupon the court asked the witness if he could take the official plat and indicate upon it the contentions of the defendants as to the location of the lines called for in certain deeds introduced by defendants, and he stated that he could.   The court directed Averitt, one of the surveyors, to take the plats returned by him and his co-surveyor, made upon a partial actual survey, after notice to the parties as per the order of the court, and to plat out as near as he could defendants' contention from deeds which they had introduced, and mark it off on the plats, to all of which plaintiff objected.   Court then took a recess until morning, when the plats were returned into court, and defendants resumed their examination of the witness Averitt, asking him as to the supposed lines in the

deeds which were introduced by them by the small red lines upon the map, to which plaintiff objected.

In actions of ejectment and trespass it is usual, when deemed necessary for the enlightenment of the court and jury, for the court to order a survey. This is done in order that the court and jury may more easily understand the boundaries of the land in controversy, and the bearing which the lines of other tracts have in ascertaining such location. The plats made in obedience to the order of the court are not in any sense evidence *per se*. They are used for the purpose of explaining and elucidating the testimony of the witnesses. In *State v. Whiteacre,* 98 N. C., 753, the court says: "It is a frequent practice, when necessary to explain evidence and enable the jury to comprehend it fully, to illustrate the position of parties, place, etc., by diagram, and no notice is required, in fact they are frequently made by witnesses in the progress of an examination, and often by the direction of the court."

The surveyor stated that he could indicate on the plats the location of defendants' deeds by platting them from the calls of the deeds, and indicating them in small red lines. An examination of the plat shows that he has done so without injury to plaintiff. This did not create any new evidence for the defendants. It only served to illustrate to the jury their contentions. It is a matter within the sound discretion of the trial judge, and in this case it was prejudicial to no one.

The court permitted defendants to introduce the declarations of Samuel Vinson as to the location of an oak, a marked corner, tending to prove that the oak was a corner of the tract called the Jones land, claimed by defendants. The evidence showed clearly that Vinson was dead, disinterested, and that the declarations were made *ante litem motam*. Malone on Real Property Trials, p. 219, and cases cited.

The plaintiff requested the court to instruct the jury: "That to raise the presumption of a grant it is not necessary

that the possession adverse to the State be continuous or unceasing. It is sufficient if it is any possession adverse to the State and shown to be within the time prescribed by the statute of limitation." The court refused to give this instruction as asked, but charged the jury: "That to raise the presumption of a grant it is not necessary that the possession adverse to the State should be continuous or unceasing. It is sufficient, if it is any possession adverse to the State, and shown to exist the length of time prescribed by the statute of limitation."

The instruction asked is erroneous in assuming that any adverse possession *within* the time prescribed by the statute will raise the presumption of a grant. The grant from the State is presumed only after a possession adverse to the State for the full period prescribed by the statute. If there has been adverse possession for any time short of such period, it is not a circumstance to be submitted to the jury as evidence, upon which they may find the fact of a grant. *Reed v. Earnhart,* 32 N. C., 516; *Bullard v. Barksdale,* 33 N. C., 461. We think the instruction given by His Honor is a correct statement of the law.

The plaintiff requested the court to instruct the jury: "That from thirty years' adverse possession against the State, all that is necessary to show complete title out of the State is presumed." The court gave this instruction, adding after the word "possession" the following words: "Such possession having been ascertained and identified under known and visible lines or boundaries." To this modification the plaintiff excepted. The instruction given is in exact accord with the words of the Revisal of 1905, section 380. As the law now stands, such possession must be ascertained under known and visible lines or boundaries. The cases cited by plaintiff are not applicable to the present statute.

The plaintiff further asked the court to instruct the jury: "That if they find from the evidence that the plaintiff has

shown title out of the State under either the thirty year stat-
ute or the twenty-one year statute, then the burden is upon the
defendants to establish their contentions that they were in
continuous, adverse possession by showing that the deeds upon
which they rely actually cover the land, and if the jury find
from the evidence that the deeds upon which the defendants
rely do not cover the land in controversy, then the defend-
ants are not entitled to recover." Merely showing title out
of the State will not entitle plaintiff to recover of the defend-
ants for the alleged trespass. In this case, the title is directly
put in issue. The burden is, therefore, upon the plaintiff to
establish title in himself. He may do this in several different
ways, as pointed out in Malone, p. 82, and *Mobley v. Griffin,*
104 N. C., 115. But the plaintiff assumes the burden of
proving by a preponderance of the evidence every fact neces-
sary to establish his title to the land, as well as the trespass
upon his possession, before he can recover. If the plaintiff
recovers at all, he must do so on the strength of his own title,
and not the weakness of his adversary's. The burden of
proof did not at any stage of the trial shift to the defendants
upon either the first issue, as to title, or the second issue, as
to trespass. The defendants may offer evidence tending to
prove title in themselves or tending to disprove the allegation
of trespass, but this is for the purpose of rebutting plaintiff's
case and preventing a recovery. It is not because defendants
are seeking to *"recover anything,"* as the closing words of
plaintiff's prayer would seem to imply.

After a careful review of the entire record, we are unable
to find any reversible error.

Affirmed.