W. A. CORBETT v. J. R. HAWES, J. T. HOGGARD and W. O. MILLS.

(Filed 30 April, 1924.)

**Evidence—Declarations—Boundaries.**

> A distinction should be observed between hearsay evidence and evidence by reputation as to boundaries of land in dispute in an action, the latter applying only to ancient boundaries, and the former to declarations of deceased persons, as to boundaries of more recent origin, it being required as to both kinds of evidence of this character that the declarations come from a disinterested person, *ante litem motam*, and the death of the declarant who therefore is unable to be produced as a witness at the trial, and such declarations made after the controversy arose, not merely before suit was brought, when the declarant is not shown to be a disinterested person, is reversible error.

APPEAL from *Sinclair, J.*, at March Term, 1923, of PENDER.

*C. E. McCullers and Weeks & Cox for the plaintiff.*
*Wright & Stevens and Bland & Bland for the defendants.*

ADAMS, J. It is not necessary to consider all the exceptions on which the defendants rely for the reason that some of those embraced in the third assignment of error are sufficient ground for a new trial.

The plaintiff instituted the action to recover damages for an alleged trespass on his land. Both title and location were in issue. For the purpose of showing that the beginning corner was at A the surveyor, after objection, was permitted to testify what a colored man named Owen Hayes had told him about this corner. The plaintiff also testified that the corner had been shown him by Hayes, who then owned the adjoining land. He said, "I have been with Owen Hayes to the corner at A on the Simpson map three times, two before the suit and one since. . . . He told me that was the corner between him and Murphy and Mattie Mott (under whom the plaintiff claims), or the Timothy Gurganous tract of land, just a corner in his line, and showed me from A to B and from A to I. It adjoins his land from A to·I, or he said it did. He did not take me to I, but did later before the survey." The witness testified further that he had since learned that there was a dispute between the parties—each side claiming the land—at the time these statements were made, and that Hayes died some time after the action was brought. There was other evidence tending to show that the dispute existed even at an earlier date.

This evidence was inadvertently admitted. There is a distinction between hearsay evidence and evidence by reputation. The latter is competent as to ancient boundaries; the former—declarations of deceased

persons—is competent as to boundaries of more recent origin; but as to both kinds of evidence certain rules have been established. In *Yow v. Hamilton,* 136 N. C., 357, it is said: "It may be further said concerning hearsay evidence of declarations as to boundaries that there are three prerequisites to the competency of such evidence: (1) that the declaration must come from a disinterested person; (2) the declarations must have been made *ante litem motam,* and (3) the person who made them must be deceased, so that he cannot be produced and heard in person as a witness." *Tripp v. Little,* 186 N. C., 215; *Hoge v. Lee,* 184 N. C., 44, 50; *Lumber Co. v. Triplett,* 151 N. C., 409; *Bullard v. Hollingsworth,* 140 N. C., 634; *Hartzog v. Hubbard,* 19 N. C., 241; *Dancy v. Sugg, ibid.,* 515; *Gervin v. Meredith,* 4 N. C., 439.

The testimony as to what Owen Hayes said does not meet these requirements. It does not appear that his declarations were made *ante litem motam,* that is, before the controversy arose and not merely before the suit was brought (*Rollins v. Wicker,* 154 N. C., 560); but on the contrary the evidence shows that a dispute had arisen between the parties some time before the declarations were made in the presence of the plaintiff. The evidence was therefore incompetent. Besides, it does not affirmatively appear that the declarant at that time was himself disinterested in the result of the litigation.

New trial.