HELEN PELTZ v. B. C. BURGESS ET AL.

(Filed 19 December, 1928.)

**Boundaries—Evidence, Ascertainment, and Establishment—Reputation.**

> Where the location of some of the lines and boundaries of lands is sought to be established by reputation, the declarations must have their origin at a time comparatively remote, *ante litem motam,* and should attach themselves to some monument of boundary or natural object, or be fortified by evidence of occupation and acquiescence tending to give the land some fixed and definite location, and the declarant must also have been disinterested at the time of making the declarations and dead at the time they are offered in evidence.

APPEAL by defendants from *Schenck, J.,* at July Term, 1928, of YANCEY. New trial.

*R. W. Wilson and Charles Hutchins for plaintiff.*
*Watson, Hudgins, Watson & Fouts for defendants.*

ADAMS, J. The plaintiff's purpose being to remove a cloud from the title to her land she was content with the submission of one issue; and in response thereto the jury found that she is the owner of the land in controversy. Upon the return of the verdict she was awarded a judgment from which the defendants appealed.

Several of the exceptions were taken to the admission of testimony relating to the location and the general reputation of lines and corners. We have often held that common reputation, to be admissible, should have its origin at a time comparatively remote, always *ante litem motam,*

and should attach itself to some monument of boundary or natural object, or be fortified by evidence of occupation and acquiescence tending to give the land some fixed and definite location. Also that declarations as to boundaries are admissible when shown to have been made *ante litem motam,* the declarant being disinterested at the time they are made and dead when they are offered. *Brown v. Buchanan,* 194 N. C., 675; *Pace v. McAden,* 191 N. C., 137; *Corbett v. Hawes,* 187 N. C., 653; *Tripp v. Little,* 186 N. C., 215; *Randolph v. Roberts, ibid.,* 621; *Hoge v. Lee,* 184 N. C., 44.

In the admission of parts of the evidence these rules were not observed. It became material to establish the McD. Young line and the surveyor was asked if he knew whether a certain tree had been "known by reputation as this line." He answered, "I have always been told that was the line." And in answer to the question whether this had always been claimed by the people of the community he said, "I have been told by men who ought to know that that was the line." These answers were not responsive to the questions; and furthermore they gave the plaintiff the advantage of hearsay evidence which would have been admissible only after the witness had qualified himself to testify. True, he had previously said that there was a reputation of long standing in the community as to the McD. Young line and that he had known the line as long as he could remember. But he did not say whether the "reputation" antedated the beginning of the controversy, not of the suit *(Rollins v. Wicker,* 154 N. C., 560), and whether its "long standing" was sufficiently remote in point of law. It was held in *Bland v. Beasley,* 140 N. C., 629, that a period of seventeen years was not comparatively remote, and in *Hoge v. Lee, supra,* that a period of five or six years was insufficient. So it will be seen that the evidence excepted to was not competent under either rule—that is, the foundation had not been laid for its admission as to general reputation or as to the declarations of persons deceased.

The same principle applies to the testimony of R. L. Young. After saying that he had no knowledge of any "ancient general reputation" as to the location of the old McDowell line, he was permitted to testify that there exists a general reputation as to its location and then to designate the location. All the requirements preliminary to the admission of this evidence were overlooked.

To all this evidence the defendants excepted, and its admission entitles them to a new trial. The defendants advance other reasons for another hearing, but these we need not consider.

New trial.