WALTER DONOVAN, Respondent, v. MOORE-MCCORMACK LINES, INC., Appellant.

First Department, June 22, 1943.

*Charles F. Bachmann* of counsel (*John P. Smith*, attorney), for appellant.

*Robert Cooper* of counsel (*Herman L. Brodfeld* and *Fannie Oremland* with him on the brief), for respondent.

CALLAHAN, J. Plaintiff, a stevedore employed by William Spencer & Son Corporation, was injured on July 8, 1941, while working on a pier in New York City. He has obtained a judgment for damages upon the finding that his injuries were the result of the negligence of defendant's employees.

The principal claim of error concerns the alleged improper receipt in evidence of a so-called " consistent " statement offered by the plaintiff for the purpose of rehabilitating his testimony after the defendant had introduced in evidence a statement made by the plaintiff which was inconsistent with plaintiff's testimony. The " consistent " statement was dated July 14, 1941, whereas the inconsistent statement was dated

July 9, 1941. The statement of July 9th was made to defendant's investigator, who called on and interviewed plaintiff in his home the day following the accident. The "consistent" statement was made five days later to plaintiff's employer, and not for the purposes of this action.

If plaintiff's self-contradiction by the inconsistent statement had been conceded, it might well be that the receipt of the consistent statement would have been improper under the circumstances. (*Robb* v. *Hackley*, 23 Wend. 50; *Crawford* v. *Nilan*, 289 N. Y. 444.) In the case last cited, it is to be noted that the so-called consistent statement was made on the day of the trial. In the present case the testimony shows that plaintiff denied the accuracy of the alleged inconsistent statement which had been written out by defendant's investigator. When asked whether he had said in the inconsistent statement that warning had been given to him at the time of the accident, his answer was "I must have." He was then asked whether such statement was true, and he said "Well, I don't know whether I said it or whether he put it down there. I did not write it." Later, his answers to questions concerning the alleged self-contradiction were to the effect that if such matters were in the papers he must have said them. He also testified that he did not take much stock in the statement at the time it was given, and that defendant's representative talked him into giving it. Under these circumstances, we deem that the issue as to the accuracy of the inconsistent statement was an issue of fact for the jury, and the receipt of the "consistent" statement would be justified, as it might have some probative force on the issue mentioned. This would be especially so in view of the fact that the two statements were made at about the same time, and the so-called "consistent" statement was made to plaintiff's employer and not for the purpose of this action. (4 Wigmore on Evidence [3d ed.] § 1126.)

We are cognizant of the prevalence of the practice of having investigators interview injured persons and secure statements from them. Under all the circumstances, we hold that it was not error to receive the "consistent" statement in evidence; or, if error occurred, that it was harmless.

The judgment should be affirmed with costs.

UNTERMYER, J. (dissenting). The plaintiff was employed as stevedore at a dock on the North River by William Spencer & Son Corporation to receive bags of quebracho from a chute leading from a steamship owned by the defendant and to move them to a lighter at the other side of the dock. Whenever bags

were delivered into the chute an employee of the defendant on the steamship was expected to shout a warning to the persons receiving the bags on the dock. In the course of his work the plaintiff, on July 8, 1941, was struck by one of the bags and suffered injuries for which he has recovered. It was the claim of the plaintiff that the accident was caused by the failure of the defendant's employee to give warning that bags of quebracho were being delivered into the chute. The defendant offered proof that warning was given when the plaintiff was injured as it had been given on all previous occasions and that issue, as the Trial Justice charged, was the crucial issue in the case.

At the trial the plaintiff and Springett, also employed by William Spencer & Son Corporation, testified that no warning was given when the plaintiff was struck. The defendant then offered two statements secured by its representative, one signed by the plaintiff and his wife on July 9, 1941, the other signed by Springett on August 27, 1941. In the plaintiff's statement it was admitted that warning had been duly given, but it was stated that, at that time, the plaintiff happened to be standing with his back to the chute. The plaintiff did not deny that he had read and understood the statement before he signed it, and he further admitted that he must have stated to the defendant's representative that warning was given. This written statement tended not only to discredit the plaintiff's testimony at the trial but constituted affirmative evidence of a fact which, if established, was destructive of his case. In denying the defendant's motion to dismiss the complaint, the Trial Justice observed "I think there is just enough for the jury; just enough so that they can be called upon to determine the issue."

Under these circumstances, an error occurred in the admission of evidence offered by the plaintiff which, in the minds of the jury, must have nullified the effect of the plaintiff's written statement of July 9, 1941. The plaintiff offered and the trial court received a written statement, furnished by the plaintiff to his employer William Spencer & Son Corporation, on July 14, 1941 (six days after the accident and five days after the statement given to the defendant's representative), which set forth that no warning had been given when the bag of quebracho by which he was struck was delivered into the chute. The trial court charged the jury that both statements, though inconsistent, should be considered together by the jury. Although Springett also furnished a written statement to William Spencer & Son Corporation on August 27, 1941, which was received in evidence, I shall, in discussing the admissibility of the evidence and

the propriety of the charge, refer only to the plaintiff's statement, which illustrates the question of law disclosed by the record and presents the error which was most detrimental to the defendant's case.

Ever since the decision in *Robb* v. *Hackley* (23 Wend. 50) it has been the settled rule in this State that " the testimony of an impeached or discredited witness may not be supported and bolstered by proving that he has made similar declarations out of court." (*Crawford* v. *Nilan,* 289 N. Y. 444, and authorities cited.) That rule was violated in the present case by allowing the plaintiff to prove his written statement made six days after the accident to a firm which was not a party to the litigation in corroboration of the testimony given by him at the trial, which had been discredited by his written statement of July 9, 1941. If the rule were otherwise, a party could never offer the inconsistent statement of any witness without rendering admissible a multitude of declarations by that witness, oral or written, made to other parties at other times and manufactured, it might be, for the purpose of the litigation.

The ruling is defended as within an exception to the hearsay rule which only applies when the testimony of a witness is assailed as a recent fabrication induced by motives of self-interest. In such a case, it may be shown that the witness had made statements consistent with his testimony at the trial before there existed any motive to falsify. (*Ferris* v. *Sterling,* 214 N. Y. 249; *People* v. *Katz,* 209 N. Y. 311.) Assuming the exception to apply to the parties to an action, who, by reason of interest, are always under a temptation to falsify, and that it is not limited to witnesses, it cannot be applied in the present case because the statement received in corroboration of the plaintiff's testimony was made after the occurrence of the accident and at a time when there was the same motive to falsify that existed at the trial. The authorities which apply the exception always express that limitation. In *Ferris* v. *Sterling* (*supra*) there was an issue concerning the ownership of an automobile which had been registered in the defendant's name. At the trial the defendant and his son maintained that the automobile belonged to the defendant's son and that the license had been issued by mistake in the father's name. The plaintiff insisted that the son's claim of ownership was a recent fabrication asserted for the first time after the accident in order to divert liability from the father. To meet that contention the defendant offered correspondence between the defendant's son and the office of the Secretary of State before the accident tend-

ing to establish that the son had given notice that the license had been issued by mistake in the father's name. Since these statements had been made before there was any motive to dispute the ownership of the automobile, it was held that they should have been received to meet the charge that the claim of ownership by the son was a recent fabrication. " The accident took place on October 19, 1912, and these letters, if received, would have shown that months before that time, the son, with the father's approval, had insisted that the car was his own. The rule is that where the testimony of a witness is assailed as a recent fabrication it may be confirmed by proof of declarations of the same tenor before the motive to falsify existed. (*People* v. *Katz*, 209 N. Y. 311, 337; *Matter of Hesdra*, 119 N. Y. 615.) " Similarly in *People* v. *Katz* (*supra*) the testimony of an accomplice was assailed by the defendant on the ground that it was influenced by promises of leniency. It was held that the People were entitled to establish that the accomplice had made a similar statement to the District Attorney before any promise of leniency was given. Such corroborative statements, said the court, might be received " when the witness rests under the imputation of a recently formed motive to falsify " in which event " it may be shown that he made similar statements at a time when the imputed motive did not exist * * *." (Page 339.)

Very similar to the present case are the facts in *Dechert* v. *Municipal Electric Light Co.* (39 App. Div. 490). There the defendant was charged with negligence in the installation of electric wiring, resulting in a fire on the plaintiff's premises. A witness for the plaintiff testified concerning the manner in which the fire had occurred. On cross-examination he was confronted with declarations which tended to contradict his testimony at the trial. Thereupon the plaintiff offered in evidence, and the court received, another declaration of the witness made shortly after the fire, stating the facts substantially in accordance with his testimony at the trial. This was held to be error and the court said: " The rule undoubtedly is that proof of declarations made by a witness out of court cannot be used in corroboration of testimony which he has given upon the trial of a cause. There are a few exceptions to this rule. Where it is claimed that the witness has given his testimony under the promptings of some motive which affected him at the trial, it has been permitted to give proof of his declarations made before the motive existed, as tending to disprove its operation upon his mind, but this is practically the extent of the exception to the

admission of such declarations. The mere fact that the declaration offered in corroboration was made shortly after the occurrence and long before the testimony was given upon the trial does not, of itself, afford any reason for inferring that the testimony upon the trial was correct  *   *   *."

In the present case, the accident occurred on July 8, 1941. The plaintiff's statement that due warning had been given was made on July 9th. His statement to William Spencer & Son Corporation was made on July 14th, six days after the occurrence of the accident, when he was under the same temptation to falsify that existed at the trial. If the exception is extended to apply to such a case, it must result in a substantial infringement of the hearsay rule by allowing either party, in every case, to corroborate his own testimony by statements, written or oral, made after the cause of action accrued. It is suggested that the plaintiff's statement made after the occurrence of the accident is admissible because it was made before the institution of suit. The motive, however, to place the responsibility for the accident on the defendant and to recover damages existed as soon as the accident occurred. (*Corbett* v. *Hawes*, 187 N. C. 653.) Our decision to the contrary will mean that any plaintiff may, and in the future no doubt will, postpone the commencement of the action until he has nullified the effect of any detrimental admission previously made by sufficient contradictory declarations.

The judgment should be reversed and a new trial ordered.

Dore, J., concurs in opinion of Callahan, J.; Martin, P. J., and Townley, J., concur in result; Untermyer, J., dissents, in opinion, and votes to reverse and grant a new trial.

Judgment affirmed, with costs.