MRS. W. E. WEBB v. STATESVILLE THEATRE CORPORATION.

(Filed 8 May, 1946.)

**1. Negligence § 18: Appeal and Error § 39d—**

In an action to recover for injuries sustained by a patron of a theatre in a fall on the foyer floor, allegedly as a result of some foreign, slippery substance on the floor, the admission of evidence, over objection, that there were approximately 230 other patrons of the theatre that day and that none of them fell while walking on the foyer floor, even if such negative evidence is incompetent, does not constitute prejudicial error when it appears that the circumstance relied on by defendant was established by other testimony admitted without objection.

**2. Trial § 31b—**

The failure of the court to charge the jury upon the principle of *respondeat superior* cannot be held for error as failing to declare and explain the law arising on the evidence when it appears that defendant admitted the existence of the relationship of master and servant between

itself and the alleged tort-feasor and its liability for any negligence on his part, and that the case was tried throughout on this theory. G. S., 1-180.

**3. Trial § 49—**

A motion to set aside the verdict is addressed to the discretion of the trial court, and its ruling thereon is not reviewable in the absence of abuse of such discretion.

APPEAL by plaintiff from *Phillips, J.,* at November Term, 1945, of IREDELL.

This is an action to recover damage for personal injuries alleged to have been caused by the negligence of the agent of the defendant in allowing oil, grease, water or other substance to be placed on and remain upon the floor of the foyer or walkway leading from the ticket office to the door of the theatre operated by the defendant in Statesville, N. C., thereby causing plaintiff, a patron of the theatre and an invitee of the defendant, to slip and fall in said foyer or walkway to her great damage and injury.

The case was tried upon three issues, to wit: "1. Was the plaintiff injured by the negligence of the defendant as alleged in the complaint? 2. If so, did the plaintiff by her own negligence contribute to her injury, as alleged in the answer? 3. What damages, if any, is the plaintiff entitled to recover of the defendant?"

The jury answered the first issue in the negative, whereupon the court signed judgment to the effect that the plaintiff recover nothing, and that she be taxed with the costs of the action. From this judgment the plaintiff appealed, assigning errors.

*Burke & Burke and Lewis & Lewis for plaintiff, appellant.*
*Adams, Dearman & Winberry for defendant, appellee.*

SCHENCK, J. In view of the negative answer made to the first issue, it is only necessary that we notice the assignments of error bearing upon this issue, namely, "Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint?"

The first assignment of error is to the court's admitting, over objection by the plaintiff, evidence as to the number of tickets sold and passes issued the day of the alleged incident, and admitting in evidence a record of the defendant giving this information. The plaintiff noted exceptions to the admission of all of this evidence, tending to show that there were as many as 230 patrons of the show who were in the theatre the day plaintiff fell, and that none of them, while walking in the foyer where plaintiff fell, had fallen. In 2 Jones Commentaries on Evidence, sec.

683, the author says: "The authorities are divided as to the relevancy of showing that other persons have passed over the same walk or street without injury, the weight being against the admissibility of such evidence," *Anderson v. Amusement Co.*, 213 N. C., 130, 195 S. E., 386. In the case at bar the defendant was permitted to offer evidence tending to show that 230 persons entered the theatre the day plaintiff is alleged to have fallen, and the plaintiff testified she had seen the patrons going in the theatre walking over the same area. From the entire record it is apparent that a "fair number" of people passed over the foyer the day the accident occurred, and only the plaintiff fell. This evidence was offered for the purpose of refuting the theory that some slick substance had been by the defendant's servant negligently allowed to accumulate on the floor. Even if it be conceded that the evidence was incompetent the defendant had the full benefit of every inference which could be drawn therefrom from other evidence in the record without objection. Therefore, in view of the evidence properly admitted, we are unable to say that the admission of the evidence assailed under the circumstances was prejudicial, or that it affected the result. *Anderson v. Amusement Co.*, *supra*. These assignments of error, in our opinion, do not justify an order directing a retrial of the case.

The second group of assignments of error set out in the appellant's brief relates to the question as to whether the court erred in the charge to the jury in that it failed to state in a plain and correct manner the evidence in the case and to declare and explain the law arising thereon, as required by G. S., 1-180 (C. S., 564). The appellant contends that the court fell short of the requirements of the statute in that it failed to explain the liabilities of the defendant arising out of the relationship of master and servant; failed to explain the doctrine of *respondeat superior*, in other words, the court failed to tell the jury that the defendant would be liable for the negligence of its servants in the course and scope of their employment. And examination of the charge reveals the facts that his Honor nowhere therein referred to the doctrine of *respondeat superior* or charged upon the relationship of master and servant, notwithstanding the fact that the plaintiff's alleged cause of action is bottomed upon an allegation that she was injured by the negligence of the servant of the defendant in allowing some slick substance to accumulate on the floor of the foyer of the defendant's theatre, which caused her, an invitee, to slip and fall to her great injury.

The defendant, appellee, states in its brief, with which we agree, that the question posed by these assignments of error is: "Was the plaintiff prejudiced by the failure of His Honor to more fully charge the jury with reference to the question of the master and servant relationship?" In the light of the trial we are of the opinion, and so hold, that the

question should be answered in the negative. Indeed, there were no issuable facts for the reason that the relationship of master and servant existed between the defendant and the witness Levi Moss, the janitor at the theatre, was admitted by both sides, and was tried by the court upon that theory. Even though it be conceded that the doctrine of *respondeat superior* was a substantive feature on which the court is required to give instructions, the court sufficiently instructed with reference to the question involved.

It is the defendant's position that his Honor fully charged the jury with reference to the master and servant relationship. The only evidence from which the jury could infer that the servants and employees of the defendant corporation were negligent was that of the statement made by the janitor, Levi Moss, to Mrs. Webb, in answer to her question, "What is that slippery substance on the floor?" to which the janitor replied, "It is what I was cleaning the floor with." Therefore, if this is evidence from which negligence can be inferred, his Honor throughout his charge fully and amply instructed the jury that it was the janitor of the defendant corporation who was responsible for the negligence. The parties and his Honor tried this case upon the admission and contention of the defendant that Levi Moss was the agent, servant and employee of the defendant corporation, and that it was liable for his negligence.

The remaining assignments of error set out in the appellant's brief relate to the court's overruling plaintiff's motion to set aside the verdict, and in signing the judgment. These assignments of error are formal. The motions were directed to the discretion of the court and its rulings thereon are not reviewable in the absence of abuse of such discretion. *Bailey v. Mineral Co.*, 183 N. C., 525, 112 S. E., 29, and cases there cited. These assignments of error are therefore without merit.

The verdict sustains the judgment.

No error.