RUDOLPH HODGES v. MALONE & COMPANY, INC.

(Filed 30 April, 1952.)

**1. Automobiles § 24½e: Pleadings § 25—**

The admission in the answer of the allegation in the complaint that at the time in question the truck of defendant was being driven by a named person as agent and employee of defendant *is held* sufficient to establish that the agent at the time was driving in the scope of his employment, relieving plaintiff of the necessity of introducing evidence on the issue of *respondeat superior.*

**2. Appeal and Error § 39d—**

Where the admissions in the pleadings establish that defendant's agent was acting in the course of his employment at the time in question, any error in the charge on the issue of *respondeat superior* could not be prejudicial to defendant.

**3. Appeal and Error § 6c (5)—**

An exception to the charge on the ground that it failed to comply with G.S. 1-180, without specifying and pointing out in what particular the charge was deficient, is ineffectual as a broadside exception.

**4. Appeal and Error § 38—**

The burden is upon appellant not only to show error but also that the alleged error was prejudicial.

APPEAL by defendant from *Godwin, Special Judge,* October 1951 Term, of HARNETT.

Civil action for personal injury and property damages.

The plaintiff, a minister of the Gospel, sustained personal injury and property damages when the automobile owned and operated by him collided with a truck owned by the defendant and operated by defendant's agent, servant and employee, Jan J. Hogue. The collision occurred on Highway 451 between Buies Creek and Lillington on 13 November, 1950, at about 7:00 p.m.

Just before the collision, defendant's truck with lights burning was driven in a westerly direction along said highway and was turned off the highway into a side road for a distance of about 15 feet, where the lights were cut off and the truck remained in that position for about two minutes. Defendant's truck was then backed out into and across said highway immediately in front of plaintiff's automobile, which was being operated in a westerly direction at a speed of 40 to 50 miles per hour. The lights on plaintiff's automobile were burning, but there were no lights on the truck as it was backed out across the highway. Plaintiff, upon seeing the truck directly in his path and across the highway, applied his brakes and attempted to stop, but unable to do so ran into the side of the truck, knocking the truck over, damaging the plaintiff's automobile, and resulting in serious and painful injury to the plaintiff.

The evidence of agency and scope of employment consisted of paragraph three of plaintiff's complaint and the corresponding paragraph of defendant's answer. Paragraph three of the complaint reads as follows: "3. That on the 13th day of November 1950 the defendant was the owner of a 1947 Chevrolet truck bearing N. C. License No. 50-909937, and which truck, at the times hereinafter stated, was being driven by Jan J. Hogue, as agent, servant and employee of the defendant." Paragraph three of the answer reads as follows: "3. That the allegations of paragraph 3 are admitted."

Plaintiff's proof of the negligence of the driver of defendant's truck and plaintiff's damages are not challenged by the defendant either by the introduction of evidence or in the argument in the brief.

Issues of negligence, contributory negligence and damages were submitted to and answered by the jury in favor of the plaintiff. From a judgment upon the verdict, the defendant appeals, assigning errors.

*Wilson & Johnson for plaintiff, appellee.*
*Neill McK. Salmon for defendant, appellant.*

VALENTINE, J. The defendant contends and strongly urges that the court below should have dismissed plaintiff's action by judgment as of nonsuit on the ground that he failed to show that the driver of the truck was acting within the scope of his employment at the time of the collision. This point is urged here with great earnestness, but the difficulty of defendant's position on this point lies in the fact that defendant has admitted in its answer that defendant's driver was its agent and acting within the scope of his duty and authority at the time of the collision. While this admission is not couched in direct and specific language, that the defendant's driver was acting within the scope of his authority at the time of the collision the defendant does admit in his pleadings and thereby

puts at rest forever the fact that the driver was operating the truck as defendant's agent at the time of and in respect to the exact transaction resulting in the collision out of which the injury arose. This is in effect an admission and the phraseology connotes action and conduct within the scope of the duty of his employment at the exact moment of the collision. It was competent but not necessary that the plaintiff put these two paragraphs of the pleadings in evidence. The allegation of agency and scope of employment were issuable facts which, when admitted, are put beyond the range of questioning and need not be introduced in evidence. *Royster v. Hancock,* 235 N.C. 110, 69 S.E. 2d 29.

The facts in this cause with respect to agency and scope of employment go far beyond the principle discussed in *Freeman v. Dalton,* 183 N.C. 538, 111 S.E. 863, and *Toler v. Savage,* 226 N.C. 208, 37 S.E. 2d 485, and *Carter v. Motor Lines,* 227 N.C. 193, 41 S.E. 2d 586. Clearly in the case at bar, it was unnecessary to submit to the jury the question of agency and scope of employment in view of the defendant's admissions. *Webb v. Theatre Corp.,* 226 N.C. 342, 38 S.E. 2d 84. A submission of this phase of the case to the jury therefore resulted in no harm to the defendant.

The defendant brings forward and discusses in his brief a number of other exceptions, most of which arise from exceptions to the charge of the court upon the doctrine of *respondeat superior.* In the view we take of the law relating to defendant's motion for judgment as of nonsuit, it becomes unnecessary to discuss such of defendant's exceptions as relate to agency and scope of employment. Ordinarily the doctrine of *respondeat superior* in cases of this nature are substantive features upon which the court is required to give instructions. Such a requirement is eliminated on the facts in this case. However, the court did charge with sufficient clarity that phase of the case. *Webb v. Theatre Corp., supra.* Under the facts in this case it would not have been reversible error if his Honor had entirely omitted a reference to the doctrine of *respondeat superior.* Upon the entire charge, it appears that the court sufficiently instructed the jury with respect to proximate cause, including a detailed definition thereof. *Gibbs v. Telegraph Co.,* 196 N.C. 516, 146 S.E. 209.

The defendant's broadside charge that his Honor failed to comply with the provisions of G.S. 1-180 is without merit because it fails to particularize, specify and point out in what particular way the court failed. *Price v. Monroe,* 234 N.C. 666, 68 S.E. 2d 283. On an examination of the whole charge, we are led to the opinion that the charge fairly embraced all elements of the evidence necessary with the proper application of the law. Viewing the entire charge and its parts contextually, his Honor appears to have sufficiently met the requirements of G.S. 1-180, both with respect to the law, the evidence and the instructions prayed for by the defendant. A complete perusal of the charge and an analysis of

the jury's verdict on the issues leads to the conclusion that the charge was sufficiently clear and enlightening to aid the jury in reaching a just verdict.

The burden always rests upon the appellant not only to show error in the record, but he must go further and point out some manner in which his substantial rights were materially affected by the errors of the trial judge. *Call v. Stroud,* 232 N.C. 478, 61 S.E. 2d 342; *Stewart v. Dixon,* 229 N.C. 737, 51 S.E. 2d 182; *Collins v. Lamb,* 215 N.C. 719, 2 S.E. 2d 863. After an examination of the entire record, we reach the conclusion that the case was fairly tried and find no sufficient grounds to disturb the results of the trial.

No error.