OLIVE CORINNE REID AND HUSBAND, QUINTON REID; WILLIAM PUGH, JR., UNMARRIED; MILLICENT YVONNE P. MYERS AND HUSBAND, ROBERT H. MYERS v. RAYMOND MIDGETT

No. 741SC968

(Filed 16 April 1975)

1. **Rules of Civil Procedure § 41— trial by judge without jury —motions for involuntary dismissal improper**

The fact that the parties moved for involuntary dismissal under G.S. 1A-1, Rule 41(b) in an action tried by the judge without a jury and that the judge ruled on those motions is without consequence where the court thereafter rendered a judgment on the merits by making findings as provided in G.S. 1A-1, Rule 52(a).

Reid v. Midgett

2. **Boundaries § 11— dispute over line — admissibility of decedent's declarations**

In order to render hearsay evidence or declarations as to boundary competent it must appear that the declarant is now dead, that he was disinterested at the time when he made them, and that the declarations were made *ante litem motam;* these requirements were met in the admission of declarations by a deceased person concerning the boundary line in question.

APPEAL by defendant from *James, Judge.* Judgment entered 4 June 1974 in Superior Court, DARE County. Heard in the Court of Appeals on 10 February 1975.

This action to recover the sum of $50,000 from defendant and to enjoin defendant from trespassing upon the premises was instituted 13 August 1973, by the heirs of K. R. Pugh, deceased. Plaintiffs alleged that they were the owners and in possession of a certain described tract of land in Kennekeet Township, Dare County, North Carolina; that the defendant or his agent, without lawful authority, had gone upon the lands of the plaintiffs and bulldozed trees and shrubs and attempted to clear the land and place mobile homes or trailers thereon and has otherwise trespassed on plaintiffs' lands and permanently damaged the same in the sum of $50,000.00. In an amended complaint, the plaintiffs realleged the description of the property and further alleged that plaintiffs and their predecessors in title have been in open and adverse possession under known and visible lines and boundaries and under color of title to said lands for more than twenty-one years next preceding the commencement of this action.

Defendant, answering, denied the material allegations of the complaint but admitted that he had refused to move said trailers or mobile homes from the premises. Further answering, defendant alleged that he is the owner of the premises described in the complaint or a part thereof; that plaintiffs are not entitled to possession and that title to said premises was and is now in the defendant; that defendant or those under whom he claims possessed the property, or a portion thereof, under known or visible lines or boundaries adversely to all other persons for more than twenty years next preceding the commencement of this action. Defendant prayed judgment that he be declared the owner in fee simple of the parcel of land in question; that plaintiffs recover nothing of defendant and the action be dismissed.

By stipulation it was agreed that the only lands in controversy in this lawsuit are those described on a court map and encompassed by the points "B", "C", "3", and "4" on said map and that other lands shown on said plat are not in controversy and the ownership of such other lands is not to be determined.

Not having demanded a trial by jury, the matter was therefore tried by the court. At the conclusion of plaintiffs' evidence defendant's motion for an involuntary dismissal under Rule 41(b) was denied. Defendant then introduced evidence, at the close of which plaintiffs moved for the involuntary dismissal of defendant's claim pursuant to Rule 41(b) and (c) of the North Carolina Rules of Civil Procedure which was allowed.

Judgment was entered declaring the plaintiffs were the owners in fee simple and entitled to the possession of the lands in controversy. From that judgment, defendant appealed.

*Twiford, Abbott & Seawell, by Christopher L. Seawell,* for plaintiff appellees.

*G. Irvin Aldridge, for defendant appellant.*

MARTIN, Judge.

[1]   Defendant assigns as error the failure of the court to grant defendant's motion for involuntary dismissal at the close of all the evidence under Rule 41(b) of the Rules of Civil Procedure and the granting of plaintiffs' motion for involuntary dismissal at the close of all the evidence. It is apparent from the record and briefs that the trial court was sitting without a jury. The anomaly of requesting an involuntary dismissal under Rule 41(b) at the close of all the evidence is illustrated in defendant's brief where he asks this Court to reverse for failure of the trial court to consider the issues sitting as a jury. Rule 41(b) does not provide for a motion for involuntary dismissal made at the close of all the evidence. The fact that the parties made such motions at the close of all the evidence and that the trial judge ruled on those motions is of no consequence for thereafter the court rendered a judgment on the merits by making findings as provided in Rule 52(a) of the Rules of Civil Procedure. See *Castle v. Yates Co.,* 18 N.C. App. 632, 197 S.E. 2d 611 (1973). The facts, as found, supported the conclusions of law and the judgment, and we find no error therein.

[2] Finally, defendant argues that the trial court erred in admitting into evidence declarations by the late Cordugan Gray concerning the boundary line. In our opinion the requirements for admission of such evidence were met. In order to render hearsay evidence or declarations as to boundary competent it must appear that the declarant is now dead, that he was disinterested at the time when he made them, and that the declaration was made *ante litem motam. White v. Price,* 237 N.C. 347, 75 S.E. 2d 244 (1953) ; *Corbett v. Hawes,* 187 N.C. 653, 122 S.E. 478 (1924) ; *Yow v. Hamilton,* 136 N.C. 357, 48 S.E. 782 (1904). Furthermore, it appears that evidence of a similar nature was thereafter admitted without objection. In addition, it is well settled in this jurisdiction that in a trial or hearing by the court the rules of evidence are not so strictly enforced as in a jury trial and it will be presumed that the judge disregarded any incompetent evidence that may have been admitted unless it affirmatively appears that he was influenced thereby. *Hinson v. Hinson,* 17 N.C. App. 505, 195 S.E. 2d 98 (1973). This assignment of error is overruled.

For the reasons stated, the judgment appealed from is

Affirmed.

Judges VAUGHN and ARNOLD concur.